**Dewayne JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–85–0100–CR.**

Court of Appeals of Texas,
Tyler.

July 28, 1986.

Rehearing Denied Aug. 28, 1986.

Mike Smith, Gilmer, for appellant.

Paul Hanneman, Palestine, for appellee.

SUMMERS, Chief Justice.

Appellant Dewayne Jones was convicted by a jury of voluntary manslaughter. The jury assessed punishment at ten years' confinement, but recommended five years' probation. The trial court suspended imposition of sentence and placed Jones on probation for five years. As a condition of probation, the court ordered Jones to make restitution of $5,062.02, representing the total expenses incurred as a result of Jones' shooting the victim with a gun. We affirm.

Jones brings two grounds of error. The first ground alleges that the trial court erred in ordering Jones to make restitution for the benefit of an insurance company as a term of his probation. Jones argues that the insurance company, which paid $2,266.52 of the $5,062.02 expenses incurred by the victim's family, is not itself a victim of his crime and that the trial court had no authority to order that restitution be made to anyone other than a victim.

■ The decision to order restitution lies within the sound discretion of the trial court. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Cr.App.1980). The court is not limited to, but rather guided by, the terms and conditions of probation enumerated in Tex.Code Crim.Proc.Ann. art. 42.12, § 6(a) (Vernon Supp.1986). One of the suggested conditions is that the probationer "make restitution or reparation in any sum that the court shall determine." Tex. Code Crim.Proc.Ann. art. 42.12, § 6(a)(8) (Vernon Supp.1986). Nowhere in the statutory language does the legislature say that restitution or reparation is to be made only to "victims" of crimes, as appellant urges. The payment of restitution to an insurance company, which had paid a victim's medical bills, has been implicitly approved in *Flores v. State*, 513 S.W.2d 66 (Tex.Cr.App.1974). The first ground of error is overruled.

The second ground alleges that the amount of restitution ordered by the trial court is not supported by sufficient evidence. The argument seems to be that because the presentence investigative report and testimony of the probation officer are hearsay, there is no evidence to show that the amount of restitution set by the court has a factual basis.

■ We note first that Jones did not object to the presentence report or the probation officer's testimony on the basis that such evidence was hearsay. The record reflects that Jones' only objection to the report was that "it submits as proper items for restitution items that would be in violation of Article 42.12." Inadmissible hearsay admitted without objection that has probative value is to be treated the same as all other evidence in the sufficiency context. *Chambers v. State*, 711 S.W.2d 240 (Tex.Cr.App.1986).

■ The only limitation on restitution is the due process requirement that the sum ordered to be paid be "just." *Cartwright v. State*, 605 S.W.2d at 289. In other words, there must be sufficient factual evidence in the record to support the order. Absent an abuse of discretion, the trial court's order of restitution will not be overturned. *Wooley v. State*, 629 S.W.2d 867, 870 (Tex.App.—Austin 1982, pet. ref'd).

■ The presentence report in this case contains copies of all bills incurred by the victim's family. The record reflects that Jones had ample opportunity to comment on said report and to attack any factual inaccuracies. *See* Tex. Code Crim.Proc. Ann. art. 42.12, § 4(e) (Vernon 1985). Cases cited by Jones are distinguishable because the presentence reports considered therein contained no documentation of medical expenses. We hold that the trial court's order of restitution is based upon factually sufficient evidence.

■ Moreover, despite the fact that presentence reports contain hearsay information, trial courts must take such reports into consideration if they are to meaningfully determine appropriate terms and con-

ditions of probation. Tex.Code Crim.Proc. art. 42.12, § 4(b)(2) (Vernon 1985). "To suggest that the judge should not use the information in the probation report because it contains 'hearsay statements' is to deny the obvious purpose of the statute." *Brown v. State*, 478 S.W.2d 550, 551 (Tex. Cr.App.1972). The second ground of error is overruled.

The judgment of the trial court is affirmed.