ACCEPTED
03-14-00616-CR
4133839
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/12/2015 4:26:59 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00616-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/12/2015 4:26:59 PM
JEFFREY D. KYLE
Clerk

\*\*\*\*\*\*\*\*

# ALEXIS MARIE IRELAND

## VS.

# THE STATE OF TEXAS
\*\*\*\*\*\*\*\*

ON APPEAL FROM THE 27th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 69086

\*\*\*\*\*\*

# STATE'S BRIEF
\*\*\*\*\*\*

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

***Oral Argument Not Requested***

1

# TABLE OF CONTENTS

**ITEM**                                                                    **PAGE**

Index of Authorities ............................................................................................ 3

Statement Regarding Oral Argument ............................................................. 5

Statement of the Case ...................................................................................... 5

Statement of Facts ............................................................................................ 6

Summary of State's Argument ........................................................................ 9

Argument and Authorities ............................................................................... 9

    First Issue on Appeal ................................................................. 9
            TRIAL COURT ABUSE DISCRETION IN
            ORDERING PAYMENT OF RESTITUTION AT
            ADJUDICATION HEARING WITHOUT A
            SUFFICIENT FACTUAL BASIS IN THE RECORD?

        Standard of Review ........................................................... 9

        Application and Analysis ................................................ 10

    Second Issue on Appeal ........................................................... 16
            TRIAL COURT ERR IN IMPOSING STATUTORILY
            MANDATED COURT COSTS INCLUDED IN BILL
            OF COSTS?

        Applicable Law ................................................................... 16

        Application and Analysis ................................................ 17

Prayer ................................................................................................................. 19

Certificate of Compliance with Rule 9 ................................................. 20

Certificate of Service ................................................................................. 20

# INDEX OF AUTHORITIES

**CASES**                                                               **PAGE**

*Campbell v. State*, 5 S.W.3d 693 (Tx. Cr. App. 1999) …………………..   10

*Cartwright v. State*, 605 S.W.2d 287 (Tx. Cr. App. 1980) ……………   9

*Drisker v. State*, No. 03-13-00356-CR, 2014 Tex. App. ……………….   17
    LEXIS 8926 (Tx. App. Austin 3rd Dist. 2014 no pet.),
    not designated for publication.

*Gutierrez-Rodriguez v. State,* 444 S.W.3d 21 …………………………..   11
    (Tx. Cr. App. 2014)

*Johnson v. State*, 423 S.W.3d 385 (Tx. Cr. App. 2014) ………………..   17

*Jones v. State*, 713 S.W.2d 796 ……………………………………………….   12
    (Tx. App. Tyler 12th Dist. 1986 no pet.)

*Martin v. State*, 405 S.W.3d 944 ……………………………………………….   16
    (Tx. App. Texarkana 6th Dist. 2013 no pet.)

*Montgomery v. State*, 810 S.W.2d 372 (Tx. Cr. App. 1991) …………   10

*Rotella v. State*, No. 02-12-00485-CR, 2014 Tex. App. ……………….   14, 15
    LEXIS 290 (Tx. App. Ft. Worth 2nd Dist. 2014 no pet.),
    not designated for publication.

*Speth v. State*, 6 S.W.3d 530 (Tx. Cr. App. 1999) ……………………….   11

*Weir v. State*, 278 S.W.3d 364 (Tx. Cr. App. 2009) ……………………..   16

## **OTHER**

*Texas Code of Criminal Procedure*

Article 42.12(5) …………………………………………… 12

Article 103.001 …………………………………………… 19

*Texas Government Code*

Section 51.851 ………………………………………….. 18

Section 51.851(b) …………………………………………. 18

Section 51.851(d) ………………………………………….. 18

*Texas Rules of Appellate Procedure*

Rule 44.2(b) …………………………………………. 14, 19

*Texas Attorney General*

Opinion GA-1046 …………………………………… 18

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The Appellant, Alexis Marie Ireland, was charged by complaint and information with the felony offense of Forgery. The information alleged that she had passed a forged check in the amount of $7,475.41 (CR-4). She was placed on a five years deferred adjudication and ordered to pay restitution in the amount of $1,922.72 and court costs as a term and condition of community supervision. (CR-30).

The Appellant's deferred adjudication was subsequently revoked and she was sentenced to 2 years in State Jail and ordered to pay court cost and the unpaid portion of restitution. (CR-92; RR77).

She gave timely notice of appeal (CR-97, 102) and the trial court certified her right to do so. (CR90).

This case was heard at the same time as the revocation of community supervision in Cause Number 72691, which is now before this court in Ireland v. State, No. 03-14-00615-CR.

## STATEMENT OF FACTS

Because the Appellant only challenges the order to pay court cost and restitution the facts of the offense are not germane to the issue on appeal except in so far as they relate to those orders.

The Appellant entered a plea of guilty before Judge Joe Carroll on January 23, 2012. (RR2-6). There was a plea bargain with the State that she receive felony probation with the terms and conditions left to the court. (CR- 12). She judicially confessed to the commission of the offense. (CR-18). The trial court subsequently found the evidence sufficient to support a finding of guilt and placed the Appellant on deferred adjudication for a term of 5 years after considering the pre-sentence report without objection from the Appellant. (RR3-4).

In that pre-sentence report it was noted that the Appellant did not get away with the proceeds of the check from the bank that were set out in the complaint and information, but that she had successfully passed an identical forged check at the same bank the day before in the amount of $1,922.57. (CR-Supp.-8).

The trial court included as a term and condition of deferred adjudication that the Appellant pay restitution to Central National Bank

in the amount of $1,922.57 at the rate of $35.00 per month. (CR-30; RR2-6). The Appellant did not object to that restitution order or to any of the other terms and conditions of deferred adjudication. She waived appeal. (CR-25).

Thereafter a series of motions to adjudicate were filed in this case and heard by the trial court. Motions to adjudicate were filed on May 17, 2012 (CR-32), on February 12, 2013 (CR-56), and, finally, on February 19, 2014 (CR-71). In each instance alleged violations included failure to pay the restitution and court costs are ordered.

The third motion to adjudicate was heard by Judge John Gauntt on July 9, 2014. The Appellant entered pleas of true to all of the allegations in the February 19, 2014 motion to adjudicate. (RR6-8). That motion included the allegation, admitted by the Appellant, that she was then delinquent as to her scheduled restitution payments in the amount of $630.00 and as to court cost in the amount of $140.00.

The trial court found the evidence sufficient to find that she had violated her deferred adjudication and allowed her to remain on bond pending an updated pre-sentence report. (RR6-9). At the subsequent punishment hearing the trial court revoked her deferred adjudication,

found her guilty and assessed punishment at 2 years in State Jail. (RR7-7).

During its oral pronouncement of sentence the court stated: "you are going to have to pay the accumulated court costs in this case, either while you are incarcerated or when you get out, in the amount of $5,722. You still owe whatever restitution remains unpaid of the original $19,232.57 that was previously ordered." (RR7-7). The trial court misspoke as to the standard court costs as reflected in the Bill of Costs as $5,722 rather than $572 and the restitution as originally ordered and as included in the bill of costs of $1,922.57 as $19,323.57 (or it was a typographical error). (CR-95; RR7-7).

The Judgment Adjudicating Guilt correctly recited $572.00 in court costs and $1,922.57 in restitution. (CR-92). It also ordered that the Appellant pay whatever amounts remained unpaid of those total amounts. (CR-93).

The Appellant did not object or contest the assessment of court costs or restitution at trial.

# SUMMARY OF STATE'S ARGUMENT

The trial court's order for payment of restitution remaining unpaid in the amount ordered in the judgment of adjudication is fully supported by the record and correctly only imposes an obligation to pay what the Appellant has not previously paid during the period of deferred adjudication.

The court costs ordered to be paid, to the extent that they remain unpaid, are all statutorily mandated and need not be included in the oral pronouncement of sentence nor otherwise factually supported by the record. They are mandatory.

# ARGUMENT AND AUTHORITIES

## First Issue on Appeal

Did the trial court abuse its discretion in ordering the payment of $1,922.57 in restitution because it was without a sufficient factual basis in the record?

### Standard of Review

Restitution orders are reviewed under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tx.Cr.App. 1980). A trial court abuses its discretion only when its decision is arbitrary,

unreasonable, or is outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391, 391 (Tx. Cr. App. 1991).

### *Application and Analysis*

The amount of restitution ordered must be just, must have a factual basis within the loss of the victim, and must be for a crime for which the defendant is criminally responsible. *Campbell v. State*, 5 S.W.3d 693, 696, 697 (Tx. Cr. App. 1999).

*Evidence Sufficient to Support Restitution Ordered in the Judgment*

In this case the Appellant pled guilty to passing a forged check to the bank in the amount of $7,475.41. Evidence received in the original plea proceeding contained in the pre-sentence report that was taken into consideration without objection, indicated that the Appellant had not successfully completed the passing of the forged instrument alleged in the pleadings but was caught in the act of attempting to do so. It was determined, however, that she had successfully passed an otherwise identical check at the same bank the day before in the amount of $1,922.57.

The trial court ordered payment of that amount of restitution to the bank as a term and condition of her deferred adjudication. She did

not object, nor did she appeal the terms and conditions of her community supervision.

Where a defendant was ordered to pay restitution as a term and condition of community supervision for an amount not included in the charged instrument, but which was taken during the same transaction, and neither objects nor appeals, a contractual obligation is created between the defendant and the trial court and the defendant fails to preserve the issue for appeal unless that obligation is one that is intolerable to the judicial system. This type of order is not. *Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 22-24 (Tx. Cr. App. 2014), citing *Speth v. State*, 6 S.W.3d 530, 534,535 (Tx. Cr. App. 1999).

In this case the initial order of restitution was entered as part of exactly that type of contractual agreement. It was supported by the information before the trial court in the pre-sentence report and it directly related to the passing of forged checks, identical in every respect except the amount, at the same bank. The trial court's order had a factual basis.

If, however, this restitution to the same victim for the check passed by the Appellant during the same course of criminal conduct as that made the basis of this prosecution is not properly ordered upon

11

adjudication of guilt, then the remedy would seem to be simply deleting the order for the payment of that restitution from the judgment.

The next question become whether or not the trial court could order the payment of that same amount of restitution at the time that the Appellant was sentenced after her deferred adjudication is revoked based upon the evidence in the original proceeding. When a deferred adjudication is revoked all proceedings, including the assessment of punishment, pronouncement of sentence, granting of community supervision, and the defendant's appeal continue as if the adjudication of guilt had not been deferred. Article 42.12(5)(b), *Texas Code of Criminal Procedure.* In other words the case takes back up where it left off at the point of an adjudication of guilt and proceeds on with the matter of sentencing and appeal. It does not require that the evidence admitted at the original plea proceeding be repeated or disregarded.

Sufficient evidence to support a trial court's order imposing restitution may be provided by statements contained in the pre-sentence report where, as here, there is no objection to the court taking it under consideration. *Jones v. State*, 713 S.W.2d 796, 797, 798 (Tx. App. Tyler 12th Dist. 1986 no pet.).

When the trial court revoked the Appellant's deferred adjudication the trial went back to the point of adjudication. The trial court had all evidence before it that was offered in the original plea proceeding. This included the original pre-sentence report, considered by the court without objection (RR3-4, 5). That pre-sentence report included a statement concerning restitution in the amount of $1, 922.57 payable to the bank. (CR-Supplement-8). Therefore, there was sufficient evidence to support the inclusion of that amount of restitution in the trial courts order adjudicating guilt. (CR-92).

*Oral Pronouncement*

The Appellant correctly notes that restitution must be included in the oral pronouncement of sentence. In this case the trial court did include restitution in its oral pronouncement of sentence, however, the court misspoke (or there was a typographical error) as to the amount of restitution to be paid. The trial court ordered "whatever remains unpaid of the original $19,232.57 previously ordered". (RR7-7). Whether this was a misstatement or a misunderstanding as to the amount the order was clearly for the payment of the unpaid balance of the originally ordered restitution of $1,922.57 and that total amount is

13

included in the written judgment of the court.[1]  Although the trial court may have misstated the amount, the judgment ordering payment is correct.

The Appellant claims that the evidence indicates that she has made some payment toward that total amount of restitution while on deferred adjudication.  That is probably the case.  However, in its oral pronouncement of sentence the trial court specifically stated that "You still owe *whatever restitution remains unpaid...*" (RR7-7).  Furthermore, the trial court's Judgment Adjudicating Guilt imposes the original amount of restitution of $1,922.57 (CR-92) but also expressly orders that upon release shall proceed to the Bell County District Clerk's Office to "....pay, or make arrangements to pay, *any remaining unpaid fines, court costs, and restitution as ordered by the court above".* (CR-93) (emphasis supplied).

In *Rotella v. State*, No. 02-12-00485-CR, 2014 Tex. App. LEXIS 290 (Tx. App. Ft. Worth 2nd Dist. 2014 no pet.), not designated for publication, the defendant requested that the trial court deduct the

---

[1] This misstatement of the amount due in the oral pronouncement was roughly ten times the actual amount ordered in the judgment of conviction.  The amount ordered in the judgment is much more favorable to the Appellant than that mistakenly recited by the trial court.  If error at all, it is unquestionably harmless. Rule 44.2(b), *Texas Rules of Appellate Procedure*.

payments made by him during his deferred adjudication in the judgment adjudicating guilt. The court declined to do so and entered the original amount of restitution ordered when he was placed on deferred adjudication. The judgment also included an order that all payments previously paid are to be credited to the ordered amounts. The Court of Appeals held that the record supported the amount of restitution as ordered in the judgment and that portion of it was not in error.

The order entered in the judgment in this case that the Appellant pay any remaining unpaid portions of the total ordered restitution is tantamount to the order in *Rotella*. In this case the Appellant's total restitution is included in the judgment, however, the Appellant is only ordered to pay what remains unpaid.[2]

---

[2] Presumably the amount paid on deferred adjudication is known by the Appellant or available in the records of the Community Supervision Department. It might be noted that at the time of the adjudication hearing the Appellant pled true to the allegation that she was, at that time, delinquent in her restitution payments in the amount of $630.00. (CR-71; RR6-6). She was ordered to pay restitution in payments of $35.00 per month. (CR-30). She was on deferred adjudication from January 23, 2012 until the final motion to adjudicate was filed on February 19, 2014 showing the $640.00 delinquency. Thus she should have paid at most $875.00. She made no payments between the filing of that motion to adjudicate and her sentencing. (CR-Supp.-23). Thus, deducting the admitted arrearage of $640.00 from the maximum amount that had accrued under the monthly payment order to that date of $875.00, the record could be construed to show that she had paid $235.00 in restitution. If that be the case she is entitled to credit for that amount under the express order contained in the Judgment when payment or arrangement for payment is made.

15

The judgment of the trial court accurately set out the correct amount of restitution that was supported by the evidence. It also provided for credit for any amount of restitution paid during the period of deferred adjudication. It is both reasonable and just.

## Second Issue on Appeal

Did the trial court err in ordering the payment of statutorily mandated court costs in the judgment of conviction as set out in the District Clerk's Bill of Costs?

### Applicable Law

The trial court may impose an assessment of legislatively mandated court costs against convicted defendants. Those court costs are not punitive in nature, but rather intended as non-punitive recoupment of the costs of judicial resources. They do not have to be included in the oral pronouncement of sentence. *Weir v. State*, 278 S.W.3d 364, 367 (Tx. Cr. App. 2009).

Likewise, legislatively mandated court costs are not dependent upon a showing of the defendant's ability to pay them. *Martin v. State*, 405 S.W.3d 944, 947 (Tx. App. Texarkana 6th Dist. 2013 no pet.).

Mandatory court costs are predetermined, legislatively mandated obligations imposed upon conviction. The amounts of such court costs

16

are published publically and defendants have constructive notice of them and they need not be proved at trial. *Johnson v. State*, 423 S.W.3d 385, 389 (Tx. Cr. App. 2014).

Mandatory court costs are exactly that- mandatory. They are related to judicial expenditures and there is no requirement that they offset a judicial expenditure incurred in the specific case. To so hold would be inconsistent with the mandatory nature of the statute requiring such payment. Although they may not be directly attributable to the particular case, they are "an inescapable cost to judicial resources." *Drisker v. State,* No. 03-13-00356-CR, 2014 Tex. App. LEXIS 8926 (Tx. App. Austin 3rd Dist. 2014 no pet.), not designated for publication.

Thus the only question is whether or not the court costs complained of are legislatively mandated.

### *Application and Analysis*

The Appellant does not contend that any of the court costs included on the bill of costs that make up a part of the $572.00 ordered paid in the Judgment Adjudicating Guilt are not legislatively mandated except the State Electronic Filing Fee-Criminal in the amount of $5.00. This item of the court costs, however, is likewise legislatively mandated.

17

The Appellant claims that there is no statutory authority mandating the assessment of the $5.00 fee for State Electronic Filing. Perhaps this is because he has failed to correctly interpret the district clerk's abbreviation on the bill of "State Elect Filing Fee-Crimini". Nevertheless, Section 51.851(d) of the *Texas Government Code* provides that in addition to other court costs, a person *shall* pay $5.00 as a court cost on conviction of any criminal offense in any district court, county court, or statutory county court. Section 51.851 is Electronic Filing Fee. The designation "criminal" in the bill of costs is significant because Section 51.851(b) imposes a $20.00 court cost in civil cases.

This statutorily mandated court cost applies to all cases after September 1, 2013.[3] This case was resolved on September 3, 2014 and the bill of costs is dated September 8, 2014 (CR-48). It was, therefore, applicable to this case.

Because the contested item of court costs, along with all of the others, totaling $572.00 were statutorily mandated they need not be supported by evidence in the case, nor be shown to be specifically applicable to the case. They are mandatory and the Appellant is obligated to pay them. Here the trial court misstated the amount of

---

[3] See Attorney General's Opinion GA-1046.

18

court costs according to the record as $5,772 rather than $572, which seems likely to have been a typographical error. Because court costs need not be a part of the oral pronouncement of sentence and the court costs are correctly included in the judgment as set out in the Bill of Costs as provided in Article 103.001 of the *Texas Code of Criminal Procedure*, the trial court's misstatement or the typographical error in the record of the oral pronouncement is immaterial and harmless under Rule 44.2(b), *Texas Rules of Appellate Procedure*.

# PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

19

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 2,802 words.

/s/ *Bob D. Odom*
BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, Justin Bradford Smith, Counsel for Appellant, by electronic transfer via Email, addressed to him at Justin@templelawoffice.com on this 12th day of February, 2015.

/s/ *Bob D. Odom*
BOB D. ODOM
Assistant District Attorney