ACCEPTED
03-15-00096-CR
4820905
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/9/2015 10:13:10 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00096-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/9/2015 10:13:10 AM
JEFFREY D. KYLE
Clerk

********

# WALTER LEE SCOTT, JR.

## VS.

# THE STATE OF TEXAS

********

ON APPEAL FROM THE 264th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 73,759

******

# STATE'S BRIEF

******

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

***Oral Argument Not Requested***

1

# TABLE OF CONTENTS

**ITEM**                                                                    **PAGE**

Index of Authorities ....................................................................   4

Statement Regarding Oral Argument ..........................................   6

Statement of the Case ..................................................................   6

Statement of Facts .......................................................................   7

      Evidence Supporting Plea of Guilty ....................................   7

      Evidence Supporting Restitution ........................................   9

      Trial Court's Judgment .......................................................   9

Summary of State's Argument ....................................................  10

Argument and Authorities ...........................................................  11

      First Issue on Appeal .........................................................  11
            EVIDENCE SUFFICIENT TO SUPPORT PLEA
            OF GUILITY UNDER ART. 1.15?

            Standard of Review .................................................  11

            Application and Analysis .........................................  12

      Second Issue on Appeal .......................................................  15
            EVIDENCE SUFFICIENT AT PUNISHMENT
            PHASE TO SUPPORT PLEA OF GUILTY
            UNDER ART. 1.15?

            Application and Analysis .........................................  15

Third Issue on Appeal …………………………………….. 16
    EVIDENCE SUFFICIENT TO SUPPORT
    COURT'S ORDER FOR PAYMENT OF
    RESTITUTION?

    Standard of Review ……………………………….. 17

    Application and Analysis …………………………. 17

Fourth Issue on Appeal ……………………………………. 18
    MUST JUDGMENT BE MODIFIED TO SHOW
    NO PLEA BARGAIN?

    Application and Analysis …………………………. 18

Prayer ……………………………………………………… 20

Certificate of Compliance with Rule 9 …………………………. 20

Certificate of Service ……………………………………………… 21

# INDEX OF AUTHORITIES

**CASES**                                                           **PAGE**

*Brooks v. State,* No. 03-13-00252-CR, 2014 Tex. App. ………………       13-14
    LEXIS 6588 (Tx. App. Austin 3rd Dist. 2014 no pet.),
    not designated for publication.

*Campbell v. State*, 5 S.W.3d 693 (Tx. Cr. App. 1999) …………………       17

*Cartwright v. State*, 605 S.W.2d 287 (Tx. Cr. App. 1980) …………....       17

*Chindaphone v. State*, 241 S.W.3d 217 ………………………………………       12-14
    (Tx. App. Ft. Worth 2nd Dist. 2007 rev. ref.)

*Jackson v. Virginia*, 443 U.S. 307 (1979) …………………………………       11

*Jones v. State*, 373 S.W. 3d 790 …………………………………………………       14
    (Tx. App. Houston 14th Dist. 2012 no pet.)

*Jones v. State*, 857 S.W. 2d 108 …………………………………………………       14
    (Tx. App. Corpus Christi 13th Dist. 1993 no pet.)

*Jones v. State*, 713 S.W. 2d 796 …………………………………………………       17
    (Tx. App. Tyler 12th Dist. 1986 no pet.)

*Ex Parte Martin*, 747 S.W.2d 789 (Tx. Cr. App. 1988) ………….......       11

*Montgomery v. State*, 810 S.W. 2d 372 (Tx. Cr. App. 1991) ………       17

*Taylor v. State*, No. 03-14-0300-CR, 2014 Tex. App. …………………       16
    LEXIS 11324 (Tx. App. Austin 3rd Dist. 2014 rev. ref.), not
    designated for publication.

*Walker v. State*, No. 03-03-00018-CR, 2003 Tex. App. ………………       14
    LEXIS 5935 (Tx. App. Austin 3rd Dist. 2003 no pet.),
    not designated for publication.

## **OTHER**

*Texas Penal Code*

       Section 22.01 ……………………………………………………… 12-13

       Section 22.01(a) …………………………………………….….. 12

       Section 22.01(b) …………………………………………………… 12

*Texas Code of Criminal Procedure*

       Article 1.15 ……………………………………………….7-8, 10-13, 15-16

*Texas Family Code*

       Section 71.002(b) ………………………………………………..… 12

       Section 71.003 …………………………………….…................ 12-13

       Section 71.005 …………………………………………………… 12-13

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The Appellant, Walter Lee Scott, Jr., was charged by information with the third degree felony offense of assault on a family member by strangulation. The information alleged that he intentionally, knowingly and recklessly caused bodily injury to Kassandra Holt, a member of his family or of his household, by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of blood of Kassandra Holt by applying pressure to the throat or neck of Kassandra Holt. (CR-4).

The Appellant entered a plea of guilty to the offense charged (RR-2-2) and the trial court, without objection, took judicial notice of the "plea papers" in the court's file (CR-12, 17), expressly including the judicial confession. (RR2-7). The trial court then found the evidence sufficient to support a finding of guilty and ordered a presentence investigation. (RR-7). There was no plea bargain with the State (CR-12; RR2-6, 7).

At the subsequent punishment hearing the court received and examined the presentence report (RR3-4) and assessed punishment at 5

years in the Texas Department of Criminal Justice, Institutional Division, and a fine of $750.00. The court also ordered the payment of $50.00 in restitution to Kassandra Holt. (CR-26; RR3-9).

The Appellant gave timely notice of appeal (CR-29) and the trial court certified his right to do so. (CR-24).

## STATEMENT OF FACTS

The Appellant raises two issues concerning the sufficiency of the evidence to support his plea of guilty under Article 1.15, *Texas Code of Criminal Procedure*, as well as the sufficiency of the evidence to support the order for the payment of restitution and the recitation in the trial court's written judgment allegedly implying that there was a plea bargain with the State.

### *Evidence Supporting the Plea of Guilty*

The Appellant executed a packet of "plea papers" in the case. (CR-12-21). Those papers included the following judicial confession:

> "Upon my oath, I swear my true name is Walter Lee Scott, Jr. and I am 24 years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment or

information are true and correct except those waived by the State. All deadly weapon allegations are true and correct. All other affirmative findings to be made by the Court pursuant to this Written Plea Agreement are true and correct. I swear to the truth of all of the foregoing and further, that all the testimony I give in this case will be the truth, the whole truth and nothing but the truth so help me God." (CR-17).

That judicial confession was signed by the Appellant. (CR-17). Furthermore, thereafter, the Appellant executed a declaration stating under penalty of perjury that all of the matters contained in the plea papers are true and correct. (CR-18).

The Appellant's trial counsel also signed an acknowledgment that expressly stated that he had explained everything, including the judicial confession, to him and that he had waived his rights and executed the documents intelligently, knowingly, and voluntarily. Counsel specifically joined in the stipulations of evidence pursuant to Article 1.15 and consented to the trial court taking judicial notice of the contents of the Written Plea Agreement (CR-18). The State also approved all of the contents. (CR-19).

The trial court approved the plea papers in writing and stated that it was taking judicial notice of the matters contained therein. (CR-19).

During the hearing and after the Appellant entered his plea of guilty to the information, the State asked the court to "...take judicial notice of the court's file that includes the plea paperwork and the defendant's signed judicial confession". The Appellant had no objection and the court did so. (RR2-7). Thereafter the court immediately found the evidence sufficient to support a finding of guilty. (RR2-7).

### Evidence Supporting Restitution

At the punishment hearing the State referred the trial court to the presentence report that included a victim impact statement. In that statement the victim, Kassandra Holt, stated that during the Appellant's attack upon her he threw her cell phone at her. She stated that the phone was damaged and that her loss was $50.00. (CR-Supplimental-8). The trial court, in its oral pronouncement of sentence (RR3-9) and its written judgment (CR-26) ordered the Appellant to pay $50.00 in restitution to Ms. Holt.

### Trial Court's Judgment

There was no plea bargain with the State in the case. (CR-12; RR2-6, 7). In the trial court's written judgment on the line denoted as "Terms of Plea Bargain" is found the phrase "SEE ATTACHED DISCLOSURE OF PLEA RECOMMENDATIONS". (CR-26). There is no such disclosure

9

attached to the judgment and the "plea papers" also contained in the court's file state that plea was "open" and thus recite no plea recommendations. (CR-12).

## SUMMARY OF STATE'S ARGUMENT

The trial court took judicial notice of judicial confession, signed by the Appellant and approved by the State, his counsel, and the court, as well as all of the "plea papers" in the case, without objection by the Appellant. That judicial confession stated that all of the allegations in the information were true and correct. The information contained all of the statutory elements of the offense charged. The evidence was sufficient to support the Appellant's plea of guilty and for the court to enter such a finding under Article 1.15.

Although unnecessary, the evidence at the punishment hearing wherein the Appellant admitted his violent attack upon the victim as charged in the information may be properly considered and sufficiently supports the Appellant's plea of guilty as well.

The evidence contained in the presentence report, which included the victim impact statement, which was considered by the trial court

without objection sufficiently supported the court's order for the payment of restitution.

Although the written judgment of the trial court does not specifically state that there was a plea bargain with the State when, in fact, there was not, if it could be so construed then the judgment should be modified to reflect that there was no plea bargain.

# ARGUMENT AND AUTHORITIES

## *First Issue on Appeal*

Was the evidence sufficient to support the finding of guilty pursuant to the Appellant's plea of guilty as required by Article 1.15 of the *Texas Code of Criminal Procedure*?

### *Standard of Review*

When the accused enters a plea of guilty the standards of review set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), as to sufficiency of the evidence are inapplicable. *Ex Parte Martin*, 747 S.W.2d 789, 792-93 (Tex. Crim. App. 1988). Instead the sufficiency of the evidence is governed by Article 1.15 of the Code of Criminal Procedure.

Article 1.15 provides that in a non-capital felony case, where the defendant waives trial by jury and enters a plea of guilty or nolo

contendere, it is necessary for the State to "introduce evidence into the record" that shows the guilt of the defendant and that such evidence be accepted by the trial court as the basis for its judgment. See *Martin* at 793. The appellate court will affirm the trial court's judgment under Article 1.15 if the State introduced evidence that embraces every essential element of the offense charged that is sufficient to establish the defendant's guilt. A judicial confession stating that the defendant has read the charging instrument and that he committed each and every act alleged therein, standing alone, is sufficient to sustain a conviction upon a guilty plea under Article 1.15. *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tx. App. Ft. Worth 2nd Dist. 2007 rev. ref.).

### *Application and Analysis*

The Appellant was charged with the offense of assault on a family or household member by strangulation as set out in Section 22.01 of the *Texas Penal Code*. Section 22.01(a) states that a person commits an offense if he or she intentionally, knowingly, or recklessly causes bodily injury to another. Section 22.01(b) makes such an offense a felony of the third degree if the offense is committed against a person whose relationship to or association with the defendant is defined by Sections 71.002(b), 71.003, or 71.005 of the *Texas Family Code* and if the offense

12

is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the victim by applying pressure to the person's throat or neck or by blocking the person's nose or mouth. Section 71.003 of the Family Code defines family members and Section 71.005 defines those who make up a household.

The information in this case set out all of the elements of the offense under Section 22.01, alleging that the Appellant intentionally, knowingly, and recklessly caused bodily injury to Kassandra Holt, that she was a member of his family or of his household, and that he did so by intentionally, knowingly and recklessly impeding her normal breathing or circulation of blood by applying pressure to her throat or neck. (CR-4).

The Appellant's judicial confession stated that he had read the information and that everything alleged in it was true and correct and that he committed the offense as alleged. (CR-17).

A judicial confession stating that the defendant has read the charging instrument and that it is true and correct, where that charging instrument contains each and every element of the offense is sufficient to support a plea of guilty as required by Article 1.15. *Chindaphone* at 219. See also *Brooks v. State*, No. 03-13-00252-CR, 2014 Tex. App. LEXIS

6588 (Tx. App. Austin 3rd Dist. 2014 no pet.), not designated for publication, following *Chindaphone*.[1]

The Appellant would ignore his judicial confession because it was not formally offered into evidence nor sworn to before a notary or district clerk. That Appellant's protestations to the contrary, however, the judicial confession may be judicially noticed by the trial court and, in that case, it need not be introduced formally into evidence. *Chindaphone* at 219; *Jones v. State*, 373 S.W. 3d 790 (Tx. App. Houston 14th Dist. 2012 no pet.); *Brooks* op. at pg. 6.

Likewise, a judicial confession that was signed by the accused, approved by his counsel, the State and the trial court and of which the court takes judicial knowledge need not be sworn. *Jones v. State*, 857 S.W. 2d 108, 110 (Tx. App. Corpus Christi 13th Dist. 1993 no pet.); *Walker v. State*, No. 03-03-00018-CR, 2003 Tex. App. LEXIS 5935 (Tx. App. Austin 3rd Dist. 2003 no pet.) ("There is no requirement that the defendant swear to the waiver and stipulation before the clerk or anyone else" Op. at pg. 4).

---

[1] *Brooks* also arose from the 264th District Court and involved essentially the same "plea papers" and judicial confession as the present case.

Here the Appellant signed the judicial confession and declared under penalty of perjury that it was true and correct. That judicial confession confirmed the truth of all of the allegations in the information. The information contained all of the statutory elements of the offense charged. The judicial confession was approved by defense counsel, the State and the trial court. The judicial confession and other "plea papers" were filed of record. The trial court expressly took judicial notice of the papers, including the judicial confession, and based its judgment upon that instrument. The evidence was certainly sufficient to support the Appellant's plea under Article 1.15.

## Second Issue on Appeal

Was the evidence at the sentencing phase of the plea proceeding sufficient to support the Appellant's plea of guilty under Article 1.15?

### Application and Analysis

It must first be observed that the evidence during the first phase of the plea proceeding was sufficient to support the plea and, therefore, it is not necessary to rely upon the events during the punishment hearing.

Presumably the Appellant has reference to his very brief testimony at the sentencing hearing. He told the court that he accepted

full responsibility for his actions and that he apologized to the victim and the court. (RR3-5, 6). Then, during cross examination by the State, the Appellant admitted the violent nature of his assault in wrapping a belt around her neck and stated that he had no good reason for it. (RR3-6). This testimony was at least corroborative of his judicial confession of which the trial court took judicial notice at the first phase of the trial.

A guilty plea is a unitary proceeding and Article 1.15 does not distinguish between evidence offered at guilt/innocence or the punishment phase. The courts may consider evidence at the punishment phase in order to determine if the requirement of Article 1.15 has been fulfilled. See *Taylor v. State*, No. 03-14-0300-CR, 2014 Tex. App. LEXIS 11324 (Tx. App. Austin 3rd Dist. 2014 rev. ref.), not designated for publication[2], and cases cited therein.

### *Third Issue on Appeal*

Was there sufficient factual basis in the record to support the trial court's order for payment of restitution to the victim?

---

[2] *Taylor* also arose in the same district court concerning a virtually identical fact situation as in this case and raising the same issues. Counsel for both the defendant and the State were also the same.

### Standard of Review

Restitution orders are reviewed under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tx.Cr.App. 1980). A trial court abuses its discretion only when its decision is arbitrary, unreasonable, or is outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391, 391 (Tx. Cr. App. 1991). The amount of restitution ordered must be just, must have a factual basis within the loss of the victim, and must be for a crime for which the defendant is criminally responsible. *Campbell v. State*, 5 S.W.3d 693, 696, 697 (Tx. Cr. App. 1999).

### Application and Analysis

Sufficient evidence to support a trial court's order imposing restitution may be provided by statements contained in the presentence report where, as here, there is no objection to the court taking it under consideration. *Jones v. State*, 713 S.W.2d 796, 797, 798 (Tx. App. Tyler 12th Dist. 1986 no pet.).

In this case the presentence report included a victim impact statement. In that statement the victim, Kassandra Holt, described how the Appellant threw a phone at her during the assault. She also stated

that her cell phone had been damaged and her loss was $50.00. (CR. Supplemental-8).

During the punishment phase of the proceeding the State pointed out that a presentence report had been prepared that included a victim impact statement as ordered by the court. When asked if there were any corrections or additions to the report that he wished to present counsel for the Appellant said no. There were no objections to the trial court considering the report. (RR3-4). At the conclusion of the hearing the trial court included the $50.00 in restitution to the victim as claimed in the presentence report. There was no objection by the Appellant. (RR3-9). It was so ordered in the trial court's written judgment. (CR-26).

The evidence was sufficient to support the order for payment of restitution.

## Fourth Issue on Appeal

Must the judgment of conviction be modified to reflect that the Appellant entered his plea of guilty without a plea bargain?

### Application and Analysis

The Appellant entered his plea of guilty to the trial court without a plea bargain with the State. (RR2-6, 7). The plea papers reflect that the

plea was "open". (CR-12). The judgment of conviction recites: "Plea Bargain: SEE ATTACHED-DISCLOSURE OF PLEA RECOMMENDATIONS ATTACHED HERETO AND MADE A PART HEREOF". (CR-26). There is no apparent attachment to the judgment in the record. The only disclosure of plea bargain shows an open plea and therefore contains no plea recommendations.

While it might well be argued that the judgment does not actually state that there was a plea bargain in this case, nevertheless, if the Court so interprets it, the State agrees that it be modified in order to speak the truth.

# PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 2,493 words.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, John A. Kuchera, Counsel for Appellant, by electronic transfer via Email, addressed to him at johnkuchera@210law.com on this 9th day of April, 2015.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney