ACCEPTED
12-15-00147-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/22/2015 11:18:23 PM
Pam Estes
CLERK

## NUMBERS 12-15-00145-CR & 12-15-00147-CR

### IN THE TWELFTH DISTRICT COURT OF APPEALS

### TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/22/2015 11:18:23 PM
PAM ESTES
Clerk

### BRITTANY MICHELLE BARRETT,

Appellant

v.

### THE STATE OF TEXAS,

Appellee

From the 114th District Court of Smith County, Texas
Trial Cause Numbers 114-0873-12 & 114-0875-12

## STATE'S BRIEF

## ORAL ARGUMENT NOT REQUESTED

### D. MATT BINGHAM

Criminal District Attorney

Smith County, Texas

### AARON REDIKER

Assistant District Attorney

State Bar of Texas Number 24046692

Smith County Courthouse, 4th Floor

Tyler, Texas 75702

Phone: (903) 590-1720

Fax: (903) 590-1719

Email: arediker@smith-county.com

# Table of Contents

Index of Authorities...................................................................................................... 2

Statement of Facts........................................................................................................ 3

Summary of Argument.................................................................................................. 5

I.Issue:  The post-sentence investigation report, containing the itemized medical bills of the victim in each case, provided the trial court with a sufficient factual basis to support the award of restitution. ...................................................................... 6

Standard of Review ....................................................................................................... 6

Argument........................................................................................................................ 6

Certificate of Compliance .......................................................................................... 10

Certificate of Service ................................................................................................... 11

# INDEX OF AUTHORITIES

**Texas Cases**

*Burt v. State*, 445 S.W.3d 752 (Tex. Crim. App. 2014) ...................................................... 6, 8

*Campbell v. State*, 5 S.W.3d 693 (Tex. Crim. App. 1999) .................................................... 8

*Cartwright v. State*, 605 S.W.2d 287 (Tex. Crim. App. 1980) ............................................. 6

*Idowu v. State*, 73 S.W.3d 918 (Tex. Crim. App. 2002) ....................................................... 8

*Jones v. State*, 713 S.W.2d 796 (Tex. App.—Tyler 1986, no pet.) ....................................... 8


**Texas Statutes**

Tex. Code Crim. Proc. Ann. art. 42.037 .............................................................................. 7


**Texas Rules**

Tex. R. App. P. 33.1 ............................................................................................................ 8

IN THE TWELFTH DISTRICT COURT OF APPEALS
TYLER, TEXAS

BRITTANY MICHELLE BARRETT,
Appellant

v.

THE STATE OF TEXAS,
Appellee

From the 114th District Court of Smith County, Texas
Trial Cause Numbers 114-0873-12 & 114-0875-12

## STATE'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's sole alleged issue and affirm the judgment of the trial court in the above-captioned causes.

### STATEMENT OF FACTS

On 5 September 2012, after appellant had pleaded "guilty" to the offense of aggravated assault with a deadly weapon in cause numbers 114-0873-12 and 114-

0875-12, the trial court deferred a finding of guilt, placed appellant under numerous conditions of community supervision for a term of ten years in each case, and ordered restitution paid to the victims in an amount to be determined by a post-sentence investigation (III Rep.'s R. at 12-13, 17-18). On 30 November 2012, the trial court amended the conditions of appellant's community supervision, ordering her to pay restitution in the amount of $853.75 to East Texas Medical Center ("ETMC") and $731.96 to ETMC-EMS and in cause number 114-0873-12 and $68,662.15 to Mother Francis Hospital in cause number 114-0875-12 (I Clerk's R. at 53; II Clerk's R. at 51). The orders amending the conditions of appellant's community supervision state that these amounts had been determined by a post-sentence investigation (I Clerk's R. at 53; II Clerk's R. at 51). The post-sentence investigation report appears to have been filed with the trial court on 9 October 2012, and matches the amounts reflected in the amendment orders (I Clerk's R. Supp. at 4-6; II Clerk's R. Supp. at 4-6). The report contains an itemized statement of charges for medical services provided to the victims named in the indictments (I Clerk's R. Supp. at 8, 10, 12, 14-18); II Clerk's R. Supp. at 8, 10, 12, 14-18). On 12

May 2015, the trial court proceeded to final adjudication in each case, revoked appellant's community supervision, and ordered restitution in the amount of $671.38 to East Texas Medical Center ("ETMC") and $561.33 to ETMC/EMS in cause number 114-0873-12 and $67,106.15 to Trinity Mother Francis in cause number 114-0875-12 (VI Rep.'s R. at 65).

## SUMMARY OF ARGUMENT

The clerk's record in each case was supplemented with the post-sentence investigation report containing the itemized medical bills of the victims. As the report was considered by the trial court in assessing the amount of restitution, the record thus contains a factual basis for each award. Further, appellant's challenge to the propriety of the trial court's award of restitution to a third party cannot be raised for the first time on appeal.

**I. ISSUE:** The post-sentence investigation report, containing the itemized medical bills of the victim in each case, provided the trial court with a sufficient factual basis to support the award of restitution.

## STANDARD OF REVIEW

A trial court's restitution order is reviewed for an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). "[I]f there is a lack of a sufficient factual basis—appellate courts should vacate and remand the case for a restitution hearing because the trial judge is authorized to assess restitution, but the amount of restitution is not (yet) supported by the record." *Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014).

## ARGUMENT

In a single issue, appellant argues that the evidence supporting the amount of restitution ordered by the trial court in each case is legally insufficient (Appellant's Br. 4-9). Article 42.037 of the Code of Criminal Procedure provides in pertinent part:

> In addition to any fine authorized by law, the court that sentences a defendant convicted of an offense may order the defendant to make restitution to any victim of the offense or to the compensation to victims of

crime fund established under Subchapter B, Chapter 56, to the extent that fund has paid compensation to or on behalf of the victim. If the court does not order restitution or orders partial restitution under this subsection, the court shall state on the record the reasons for not making the order or for the limited order.

Tex. Code Crim. Proc. Ann. art. 42.037(a) (West 2014). "If the offense results in personal injury to a victim, the court may order the defendant to make restitution to: (A) the victim for any expenses incurred by the victim as a result of the offense; or (B) the compensation to victims of crime fund to the extent that fund has paid compensation to or on behalf of the victim." Tex. Code Crim. Proc. Ann. art. 42.037(b)(2) (West 2014). "If a defendant is placed on community supervision or is paroled or released on mandatory supervision, the court or the parole panel shall order the payment of restitution ordered under this article as a condition of community supervision, parole, or mandatory supervision." Tex. Code Crim. Proc. Ann. art. 42.037(h) (West 2014). "[D]ue process places three limitations on the restitution a trial judge may order: (1) the restitution ordered must be for only the offense for which the defendant is criminally responsible; (2) the restitution must be for only the victim or victims of the offense for which the defendant is charged;

7

and (3) the amount must be just and supported by a factual basis within the record."

*Burt*, 445 S.W.3d at 758.

Pre- and post-sentence investigation reports that include copies of bills incurred by a victim for medical expenses resulting from the defendant's offense provide a sufficient factual basis for the trial court's award of restitution. *Jones v. State*, 713 S.W.2d 796, 797-798 (Tex. App.—Tyler 1986, no pet.). The record does not show that appellant raised any objection to the post-sentence investigation report or the amount of restitution assessed by the trial court in either case prior to this appeal. *See Garcia v. State*, 930 S.W.2d 621, 623-624 (Tex. App.—Tyler 1996, no pet.) ("A defendant bears the burden of proving that the information contained in a presentence investigation report was materially inaccurate and that the judge relied on inaccurate information."). Appellant has therefore forfeited any alleged error in the trial court ordering restitution payable to third party medical providers rather than the victims. *See* Tex. R. App. P. 33.1(a); *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002) ("If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's

8

restitution order, he must do so in the trial court, and he must do so explicitly.").

Furthermore, as the post-sentence investigation report contains itemized medical bills from which the trial court could have determined the amount owed to ETMC and Trinity Mother Francis Hospital for their treatment of the victim in each case, the evidence supporting the restitution orders is legally sufficient. *See Jones*, 713 S.W.2d at 797-98. Appellant's sole alleged issue is thus without merit and should be overruled.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's alleged issue and affirm the judgment of the 114th District Court of Smith County, Texas, in the above-captioned causes.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

/s/  Aaron Rediker
Aaron Rediker
Assistant District Attorney

SBOT #:  24046692

100 North Broadway, 4th Floor

Tyler, Texas 75702

Office:  (903) 590-1720

Fax:  (903) 590-1719 (fax)

arediker@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 1,153 words as calculated by Microsoft Word 2016.

/s/  Aaron Rediker

Aaron Rediker

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 22nd day of October 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of the State's Brief has been sent by email to James W. Huggler Jr., attorney for appellant, at [JHugglerLaw@sbcglobal.net](mailto:JHugglerLaw@sbcglobal.net).

/s/  Aaron Rediker

Aaron Rediker