

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-1026-13, PD-1027-13

### DAISY GUTIERREZ-RODRIGUEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### BRAZOS COUNTY

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, KEASLER and HERVEY, JJ., joined. COCHRAN, J., filed a concurring opinion in which MEYERS, JOHNSON and ALCALA, JJ., joined.

During two vehicle burglaries, a number of items were stolen. Appellant was charged with misdemeanor theft for stealing two of these items. After she was convicted, the trial judge placed her on probation and, as a condition of probation, imposed restitution for some of the missing items that appellant had *not* been charged with stealing. Evidence in the record showed the value of these items. Although the issue of restitution and the basis for imposing it were thoroughly discussed at trial, appellant raised no objection to the restitution requirement. We must now determine whether appellant may claim for the first time on appeal that the restitution was for items that she was not

charged with stealing. We hold that she may not, because, in accordance with our decision in *Speth*,[1] she accepted the restitution requirement as a condition of probation by failing to object when she had an opportunity to do so.

## I. BACKGROUND

### A. Trial

Daniel McCoy testified that in December of 2010 his truck was burglarized. An iPod and several other items were stolen. Scott Blair testified that his truck was burglarized at around the same time. A GPS unit and several other items were stolen. The iPod and GPS were recovered from pawn shops, and appellant was identified as the person who had pawned them. Appellant was charged by information with two Class B misdemeanors for the theft of the iPod and the GPS.[2] At trial, the complainants identified their iPod and GPS and testified to their value. Each complainant also testified to the value of the other items that had been stolen at the same time as the iPod and GPS. A jury found appellant guilty of both offenses. After appellant was found guilty, the jury was discharged, and the trial court conducted a punishment hearing.

At the punishment hearing, the trial court indicated that it intended to assess punishment at six months' confinement, probated for one year, and assess an unprobated fine of $500 in each case. The State asked if there would be "any monetary restitution." The trial court agreed that there should be, and the State discussed the amount of loss suffered by the complaining witnesses. The State acknowledged that the items appellant was charged with stealing—the iPod and GPS—were recovered in working order. However, there were other items that were not recovered, and their

---

[1]  6 S.W.3d 530 (Tex. Crim. App. 1999).

[2]  TEX. PENAL CODE § 31.03(a), (e)(2).

combined value totaled approximately $1,215.

After this discussion, the trial court sentenced appellant to 180 days' confinement and a $200 fine for each case, suspended the sentences for one year, and probated the fines. As a condition of probation, the court required restitution of $1,215 to be paid to the complaining witnesses to compensate them for the loss of the unrecovered items.

### B. Appeal

On appeal, appellant argued, among other things, that the restitution requirement was not supported by evidence. The court of appeals agreed, holding that the restitution requirement lacked any factual basis in the record.[3] In response to the State's argument that appellant had waived any challenge to the restitution requirement by failing to object, the court of appeals relied upon *Mayer*[4] and *Idowu*[5] for the proposition that due process requires that the amount of restitution be supported by a factual basis within the record.[6] The court of appeals deleted the restitution requirement from the conditions of probation and affirmed the judgments as modified.[7]

### C. Discretionary Review

The State filed a petition for discretionary review, arguing that appellant had forfeited her

---

[3] *Gutierrez-Rodriguez v. State*, 405 S.W.3d 936, 943 (Tex. App.–Amarillo 2013) (holding that the "evidence at trial proved Appellant only *pawned* the GPS device and iPod knowing they were stolen" and "did not establish that Appellant was guilty of either burglary" and "[b]oth items were returned to their owners") (emphasis in original).

[4] *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010).

[5] *Idowu v. State*, 73 S.W.3d 918 (Tex. Crim. App. 2002).

[6] *Gutierrez-Rodriguez*, 405 S.W.3d at 943 n.3.

[7] *Id*. at 943.

claim by failing to object at trial. The State also argued that, if appellant had not forfeited her claim, the proper remedy would be to set aside the grant of community supervision, including the restitution requirement, and remand for a new punishment hearing. We granted review to consider both issues.[8]

## II. ANALYSIS

Ordinarily, to preserve an issue for appellate review, an appellant must have first raised the issue in the trial court.[9] However, it is also ordinarily true that a claim regarding sufficiency of the evidence need not be preserved for review at the trial level.[10] But, "imposition of a sentence is profoundly different from the granting of community supervision."[11] Concepts of error-preservation that apply in non-probation cases do not necessarily carry over to probation cases because probation involves a kind of contractual relationship that does not exist in non-probation cases.

In *Speth v. State*, we held that, when probation is granted, the trial court extends clemency to the defendant and creates a sort of contractual relationship.[12] Conditions of probation that are not objected to are affirmatively accepted as terms of the contract,[13] unless the condition is one that the criminal justice system finds to be intolerable and is therefore not a contractual option available to

---

[8] (1) Must the defendant object at trial to complain on appeal about a condition of community supervision requiring payment of restitution for an offense with which the defendant was not charged?

(2) What is the appropriate remedy for an unauthorized restitution order as a condition of community supervision when the trial court assesses punishment?

[9] TEX. RULE APP. P. 33.1(a); *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013).

[10] *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012); *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004).

[11] *Speth*, 6 S.W.3d at 532.

[12] *Id.* at 533.

[13] *Id.* at 534.

the parties.[14] Requiring restitution for stolen items that were not included in the charging instrument, but that belonged to the complaining witnesses and were stolen during the same transaction as the charged items, is not the sort of condition that the criminal justice system finds intolerable or unconscionable. This is true even if appellant's connection to the theft of these items was not specifically established, as long as she had the opportunity to object and challenge such a connection. A trial objection would have given the trial court the opportunity to reconsider the condition of probation or to reconsider the appropriateness of the probation contract without the objected-to condition.[15] The record in the present case establishes that the restitution requirement was discussed during the punishment stage hearing, so appellant had an opportunity to object to it.[16] Consequently, in accordance with *Speth*, she forfeited her complaint.

The cases cited by the court of appeals do not resolve the issue before us. The defendant in *Mayer* did not receive probation, so there was no "contract."[17] Restitution was a condition of the defendant's probation in *Idowu*, but we declined to decide whether a sufficiency claim could be forfeited because there was a factual basis for the amount of restitution ordered.[18]

We need not determine whether appellant's complaint in the present case relates to the "appropriateness" of restitution or to its "factual basis" because, by failing to object to the restitution,

---

[14] *Gutierrez v. State*, 380 S.W.3d 167, 175-76 (Tex. Crim. App. 2012).

[15] *See Speth*, 6 S.W.3d at 534-35.

[16] *See id.* at 534 n.9 (rule that a defendant accepts the conditions of probation to which he does not object assumes that the defendant knew what the conditions were in time to object at trial).

[17] 309 S.W.3d at 553 (sentenced to thirty years' incarceration).

[18] 73 S.W.3d at 922.

appellant "affirmatively accepted [the] terms of the contract."[19]   Regardless of how appellant's complaint is characterized, she bound herself to the terms of the probation contract by accepting the benefits of the contract without objection.[20]

Because we hold that appellant forfeited her claim regarding the restitution requirement, we do not reach the State's second ground for review.  The judgment of the court of appeals is reversed, and the judgment of the trial court is affirmed.

Delivered: October 1, 2014
Publish

---

[19]  *See Speth*, 6 S.W.3d at 534.

[20]  The State contends that the claim here is one of "authorization" rather than "sufficiency." These concepts are not necessarily helpful, though, because the two concepts can overlap: in the usual sufficiency claim, the "sufficiency" of the evidence is measured against allegations that are "authorized" by the indictment.  *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) (a sufficiency review must be based upon the statutory elements of the offense "as modified by the charging instrument.").  We have applied *Malik*'s general framework to at least some punishment issues.  *Roberson v. State*, 420 S.W.3d 832, 841 (Tex. Crim. App. 2013).  Given our disposition on the basis of *Speth*, we need not decide whether *Malik*'s principles would require incorporating the charging instrument's allegations into a sufficiency review of the factual basis for restitution.  Moreover, appellant is estopped from complaining because she accepted the benefit of the contract: probation.