ACCEPTED
03-14-00616-CR
4378331
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/4/2015 9:52:52 PM
JEFFREY D. KYLE
CLERK

**CAUSE NO. 03-14-00616-CR**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/4/2015 9:52:52 PM
JEFFREY D. KYLE
Clerk

**IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **ALEXIS MARIE IRELAND** | § |
| | § |
| | § |
| **v.** | § |
| | § |
| **STATE OF TEXAS** | § |

**APPELLANT'S REPLY BRIEF**

**Justin Bradford Smith**
**Texas Bar No. 24072348**
**Harrell, Stoebner, & Russell, P.C.**
**2106 Bird Creek Drive**
**Temple, Texas 76502**
**Phone: (254) 771-1855**
**FAX: (254) 771-2082**
**Email:  justin@templelawoffice.com**

**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
Alexis Marie Ireland

**Appellant's Counsel**
Justin Bradford Smith
Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

**Appellant's Trial Counsel**
Jack Holmes
1610 South 31st Street, Suite 102, PMB 235
Temple, TX 76504

**Appellee**
State of Texas

**Appellee's Trial Counsel**
Leslie McWilliams
Bell County District Attorney
P.O. Box 540
Belton, Texas 76513
Telephone: (254) 933-5215
Fax: (254) 933-5238

**Appellee's Appellate Counsel**
Bob Odom
Bell County District Attorney's Office
Email: DistrictAttorney@co.bell.tx.us

## TABLE OF CONTENTS

Identity of Parties and Counsel…………………….……………………….... 2

Table of Contents……………………………………………………………..3

Index of Authorities………………………………………………..4-5

Summary of the Argument………………………….……………….......6-7

Argument………………………………………………...........7-13

Conclusion………………………………………………………...13

Prayer……………….………………………………………….........13

Certificate of Compliance……………………………………………....14

Certificate of Service……………………………………………...15

# INDEX OF AUTHORITIES

**Texas Court of Criminal Appeals:**

*Campbell v. State*, 5 S.W.3d 693
(Tex. Crim. App. 1999)…………………………………………………………...8

*Ex parte Cavazos*, 203 S.W.3d 333
(Tex. Crim. App. 2006) (orig. proceeding)……………….....................8

*Gutierrez-Rodriguez v. State*, 444 S.W.3d 21
(Tex. Crim. App. 2014)………………………………………………………7-8

*Hanna v. State*, 426 S.W.3d 87
(Tex. Crim. App. 2014)………………………………………………..7-10

*Martin v. State*, 874 S.W.2d 674
(Tex.Cr.App.1994)…………………………………………………..8

*Speth v. State*, 6 S.W.3d 530
(Tex. Crim. App. 1999)…………………………………………………...8

*Weir v. State*, 278 S.W.3d 364
(Tex. Crim. App. 2006)…………………………………………………...8

**Texas Courts of Appeals:**

*Jordan v. State*, 979 S.W.2d 75
(Tex. App.—Austin 1998)…………………………………………………..9

*Rodriguez v. State*, 939 S.W.2d 211
(Tex. App.—Austin 1997, no pet.)……………………………………..8-9

*Rotella v. State*, No. 02-12-00485-CR, 2014 WL 70101
(Tex. App.—Fort Worth Jan. 9, 2014, no pet.)
(mem. op., not designated for publication)…………………………..6, 11-12

**Statutes/Rules:**

Tex. Code Crim. Proc. Ann. 42.037(a)………………………………………..9

Tex. Code Crim. Proc. Ann. 42.037(k)………………………………...…………..n. 1

## SUMMARY OF THE ARGUMENT

### Issue One

The State raises the possibility that the restitution order should simply be deleted because it is not authorized by law, but provides no basis for concluding it can still be ordered. In fact, restitution is not authorized here because it is not related to the charged offense. It turns out, then, that the restitution is a void sentence, and should be deleted.

Even if the restitution can still be ordered, the State all-but-concedes that Appellant paid something, yet argues this is fine because of the trial judge's comments during oral pronouncement and because of the boilerplate language in the judgment requiring Appellant to pay whatever remains unpaid of the restitution after she is released from incarceration. This does not create a wise or just rule to apply to future cases.

Finally, the State misconstrues *Rotella v. State*. In *Rotella*, there was testimony reflecting the precise amounts of restitution owed, and these amounts were included in the judgment. Here, there was no comparable testimony, and the record suggests both that the full amount is owed and that something less than the full amount is owed.

**Issue Two**

The State ignores Appellant's argument that the record suggests some amount was paid towards court costs.

## ARGUMENT

**Issue One**

1. **The State raises the possibility that restitution might not be properly ordered, but does not explain why it may be properly ordered. Instead, ordering restitution here would constitute a void sentence.**

The State writes: "If, however, this restitution to the same victim for the check passed by the Appellant during the same course of criminal conduct as that made the basis of this prosecution is not properly ordered upon adjudication of guilt, then the remedy would seem to be simply deleting the order for the payment of that restitution from the judgment." State's Brief at 11-12. We may quibble with the State that this case involved the "same course of criminal conduct"—the two forgeries occurred on two different days (I Supp. C.R. at 8)—but the more important point is that the State acknowledges that restitution that may have been properly ordered as a condition of community supervision under *Gutierrez-Rodriguez v. State*, 444 S.W.3d 21 (Tex. Crim. App. 2014) may no longer be properly ordered when a defendant is sentenced.

The reason, as elaborated in Appellant's supplemental brief, is that restitution "may be ordered only to a victim of an offense for which the defendant

7

is charged", *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). Thus, Appellant cannot be ordered to pay restitution as a part of her sentence to an entity who is not a victim of *this* forgery for which Appellant was charged. *See Campbell v. State*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999) ("Another limit on the authority of a trial court to order restitution is that a trial court may not order restitution to any but the victim or victims of the offense with which the offender is charged. *Martin v. State*, 874 S.W.2d 674, 679–80 (Tex.Cr.App.1994) (holding that a restitution order may not compensate all victims of a general scheme to defraud when the defendant was only charged with defrauding one investor). Nor may a trial court, without the agreement of the defendant, order restitution to other victims unless their losses have been adjudicated."). It seems a defendant may agree to pay restitution for an uncharged offense when he accepts it as a condition of community supervision and thereby becomes a party to a sort of contract, *see Gutierrez-Rodriguez*, 444 S.W.3d at 23-24, but because "community supervision is not a sentence or even a part of a sentence," *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999), this same rule would not apply to a defendant's sentence, which must be authorized by law and is not part of a contract. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2006) and *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (orig. proceeding) (restitution is punishment); *Rodriguez v. State*, 939 S.W.2d 211, 222 (Tex. App.—Austin 1997, no pet.) (""[i]f

the punishment is not authorized by law, the order imposing punishment is void."); Tex. Code Crim. Proc. art. 42.037(a) (defendant "convicted of an offense" may be ordered to pay restitution to "any victim of *the offense*") (emphasis added); *Hanna*, 426 S.W.3d at 91 (restitution "may be ordered only to a victim of an offense for which the defendant is charged").

In these circumstances, Appellant's sentence is void because it is unauthorized, and a void sentence may be raised for the first time on appeal. *Jordan v. State*, 979 S.W.2d 75, 77 (Tex. App.—Austin 1998).

The State does not give any reason Appellant's sentence is not void or why restitution may now be ordered. Instead, the State only argues the presentencing investigation report provides evidence of the amount of restitution owed. State's Brief at 12. But that amount, it turns out, is owed for a different, uncharged offense. (I C.R. at 5-6); (I Supp. C.R. at 8). And as for the offense with which Appellant was charged, she did not profit from it and no one suffered any loss because she was caught before she completed the crime. (I Supp. C.R. at 8). Thus, there really is no restitution owed for the charged offense.

**2. The State all-but-concedes Appellant paid something towards restitution, but its reason for nevertheless finding the judgment and oral pronouncement proper does not hold up.**

Twice the State nearly concedes Appellant paid something towards

restitution. State's Brief at 14 ("The Appellant claims that the evidence indicates she has made some payment toward that total amount of restitution while on deferred adjudication. *That is probably the case.*") (emphasis added) and n. 2 ("Presumably the amount paid on deferred adjudication is known by the Appellant or available in the record of the Community Supervision Department."). Yet the State argues this does not change the result because of some boilerplate language in the judgment and the trial court's qualification that Appellant would have to pay only whatever remains unpaid. State's Brief at 14. It is worth considering what accepting the State's argument means for future cases.

First, it would be an odd way of doing business if a lawyer sent out monthly bills to clients accompanied by letters that said: "Dear Client: Enclosed is your bill for the amount you owe. However, you may not actually owe this amount— I'm really not sure. Therefore, you only owe whatever you haven't paid on this bill. What that amount may be, I have no idea, but I trust my office manager does. By the way, if you don't pay within thirty days I'm withdrawing as counsel. Sincerely, Attorney-at-Law." Facetious, yes, but this is hardly different from what the State is asking this Court to sanction.

Second, the State's argument relieves it of its burden of proof. *See Hanna*, 426 S.W.3d at 92 ("Section (k) also puts the burden to demonstrate the amount of the loss sustained by a victim as a result of the offense on the State") (internal

citations omitted). If some restitution has been paid, the "loss sustained by the victim" is now less, and it is the State's burden to prove that amount. *Id*. But if the trial court can simply refer back to the original order of restitution and tack on some magic words, the State has been relieved of its burden to prove the amount of restitution owed.[1]

Third, what happens when, as here, there is a legitimate dispute about the proper amount of restitution owed and the record does not show the amount actually owed? It is better to have the trial judge fix the precise amount owed based on sufficient evidence rather than leave that determination to whoever the restitution victim's bill collector will be down the road.

### 3. The State Misunderstands *Rotella v. State*.

The State argues the order in this case is "tantamount to the order" in *Rotella v. State*, No. 02-12-00485-CR, 2014 WL 70101 (Tex. App.—Fort Worth Jan. 9, 2014, no pet.) (mem. op., not designated for publication). Appellant does not see in the case where the "defendant requested that the trial court deduct the payments made by him during his deferred adjudication in the judgment adjudicating guilt",

---

[1] If instead the burden of proving the current loss to the victim, as opposed to the initial loss, is a matter that could be allocated by the trial court "as justice requires", *see* Tex. Code Crim. Proc. art. 42.037(k), then it is at least potentially allocable to the State, so this Court should not create a rule that relieves the State of this burden. For example, the trial court could view proving the current loss to the victim as a continuation of the State's burden to prove the loss to the victim, and accordingly place the burden on the State. Alternatively, the trial court could place the burden on the defendant by treating this a situation where the defendant must prove the amount actually paid.

11

State's Brief at 14-15, nor where "[t]he court declined to do so and entered the original amount of restitution ordered when he was placed on deferred adjudication." State's Brief at 15. Rather, in *Rotella* a "representative from the Denton County Probation Department" testified to the precise amounts of restitution paid and owed; indeed, the "judgments adjudicating Rotella's guilt…accurately reflect the amounts testified to by the representative." *Rotella*, 2014 WL at * 2. Moreover, the judgments apparently ordered the defendant to pay the precise amounts, which gave him credit for the amounts he had paid, not simply whatever remained unpaid. *Id*. at * 1. Nothing comparable occurred here. Here, the State presented no witnesses and the record suggests different amounts of restitution could be owed. *Rotella* does not save this case for the State.

**Issue Two**

**4. The State ignores Appellant's argument that some court costs were paid.**

It is worth pointing out that nowhere in the State's reply to Appellant's issue regarding court costs does the State address Appellant's argument that the record suggests some court costs were paid, and thus Appellant should not be ordered to pay the full amount. To the extent the State would rely on what Appellant has termed the "magic words" indicated above, the same arguments above apply.

## Conclusion

Ordering restitution, on these facts, turns out to constitute a void sentence. If not, the record still suggests some amount was paid, and the State's argument that there is no error because Appellant is only ordered to pay what remains unpaid will not hold up. This case is not like *Rotella*, and the State does not address Appellant's argument that some court costs appear to have been paid. Therefore, this Court should still rule in Appellant's favor.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant asks this Court to DELETE the restitution ordered in the trial court's judgment and AFFIRM the trial court's judgment as modified, or in the alternative to VACATE the restitution ordered and REMAND for a new hearing on the proper amount of restitution owed. Additionally, the Court should either VACATE the court costs and REMAND for a hearing on the amount actually owed, or REFORM the judgment to reflect the delinquency Appellant to which Appellant pled true.

Respectfully submitted:

/s/ Justin Bradford Smith
Justin Bradford Smith
Texas Bar No. 24072348

Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

ATTORNEY FOR APPELLANT


## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellant's Reply Brief contains 1,757 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

/s/ Justin Bradford Smith
Justin Bradford Smith

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2015, a true and correct copy of Appellant's Brief was forwarded to the counsel below by eservice:

Bob Odom
Bell County District Attorney's Office
P.O. Box 540
Belton, Texas 76513
Email: DistrictAttorney@co.bell.tx.us

/s/ Justin Bradford Smith
Justin Bradford Smith