ACCEPTED
03-13-00092-CR
6875842
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/10/2015 4:58:17 PM
JEFFREY D. KYLE
CLERK

CAUSE No. 03-13-00092-CR

IN THE COURT OF APPEALS

FOR THE THIRD COURT OF APPEALS DISTRICT

AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/10/2015 4:58:17 PM
JEFFREY D. KYLE
Clerk

Dr. HOWARD THOMAS DOUGLAS,
Appellant,

VS.

THE STATE OF TEXAS,
Appellee.

On appeal from Cause No. D-1-DC-10-900204, in the 331st Judicial District Court,
Travis County, Texas

## APPELLANT'S MOTION FOR REHEARING AND MOTION FOR REHEARING *EN BANC*

TO THE HONORABLE THIRD COURT OF APPEALS:

COMES NOW, Appellant, Dr. Howard Thomas Douglas, and files his

Motion for Rehearing and Motion for Rehearing *En Banc*, pursuant to Texas R.

App. P. 49.1 and 49.7, and states that this Court should grant a rehearing or, in the

alternative, rehearing *en banc*, and after rehearing reverse the judgment against

Appellant and render a verdict of acquittal in his favor, and in support thereof

respectfully shows this Court the following:

# I.

## Court Erred In Holding That State Did Not Have To Prove Value of Pecuniary Interest Obtained By Fraud

This appeal presents what appears to be a case of first impression. In the prosecution for the offense of securing execution of a document by deception, pursuant to Texas Penal Code Sec. 32.46(b)(5), must the State prove the value of the property, service or pecuniary interest that was *actually secured by deception*?

Stated another way, must the State prove *the amount by which the victim was defrauded* in order to determine the jurisdictional amount of the offense, or the degree of felony of which the defendant is to be punished?

The Court of Appeals answered this question "no" when it held that the "State was not required to determine and then segregate the false amount from the amount that might be deemed legitimate had WME filed legally." *Op.*, at p. 12.

**The Court of Appeals erred in holding that the state did not need to segregate the value of the property, service or pecuniary interest that was actually secured by deception from the value of the property, service or pecuniary interest that was *not* secured by deception.**

After rehearing, the Court of Appeals should withdraw its current opinion, reverse its judgment in this matter and render a verdict of acquittal for Appellant

because the evidence was legally insufficient to establish the value of the property, service or pecuniary interest that was secured by deception.

Because Appellant was charged with securing execution of a document by deception as a third degree felony -- $20,000 or more but less than $100,000 -- the State *was required* to prove a value of property, service or pecuniary interest that was sufficient to satisfy the jurisdictional requirement of its pleading. *See Lehman v. State*, 792 S.W.2d 82, 84 (Tex. Crim. App. 1990); *Simmons v. State*, 109 S.W.3d 469, 472 (Tex. Crim. App. 2003). *See also Lee v. State*, 29 S.W.3d 70, 575 (Tex. App.—Dallas 2000). In other words, the State had to prove that the value of the pecuniary interest of the portion of the documents that were executed as a result of Appellant's *deception* had to have an aggregate value of $20,000 or more but less than $100,000. Otherwise, the State would not have established the jurisdictional amount of the offense (*i.e.*, that it was a third degree felony) by legally sufficient evidence.

In holding that the State was not required to determine and then segregate the false amount from the amount that might be deemed legitimate had WME filed legally, *see Op.*, at p. 12, this Court did not cite a single case, statute or other recognized legal authority that would obviate the State's requirement to prove the value of the property, service or pecuniary interest secured by Appellant's alleged deception. *See* Tex. Pen Code Ann., sec. 32.46(a)(1) ("A person commits an

offense **if, with intent to defraud or harm** any person, he, **by deception,** causes another to sign or execute any document affecting "**property or service or the pecuniary interest** of any person . . . .") (emphasis added).

The distinction between any false amounts and any legitimate amounts must be relevant because the offense requires that the offense is committed only if the defendant, with intent to defraud or harm any person, *and by deception,* causes another to sign or execute any document affecting property or service or the pecuniary interest of any person. *Id.* In other words, to be an offense, the alleged victim would not have acted *but for* the defendant's deception. *See Goldstein v. State,* 803 S.W.2d 777, 791 (Tex. App.—Dallas 1991, pet. ref'd); *Smith v. State,* 681 S.W.2d 71, 75-76 (Tex. App.—Houston [14th Dist.] 1983), *aff'd,* 722 S.W.2d 408 (Tex. Crim. App. 1986).

Presumably, this Court's dismissal of the State's need to first "determine *and then* segregate" the false amount from any legitimate amount of the property, service or pecuniary interest involved has removed the amount of value as an essential element from an offense stated in Texas Penal Code Section 32.46. Rather, according to the Court's logic, the State need only allege a random value to the property, service or pecuniary interest involved, solely to set the degree of felony with which the State seeks to charge the defendant. *See* Tex. Penal Code Ann., Sec. 32.4(b)(5). Then, at trial, the State need only prove that the total value

of the property, service or pecuniary interest involved – regardless of whether that value was the result of deception – falls within the particular degree of felony for the State to satisfy its burden of proof.

In other words, if the State alleged that the pecuniary interest involved was between $1,500.00 and $20,000.00, a third degree felony, but the evidence at trial showed that only $10.00 out of the total $1,500.00 of the pecuniary interest affected was the product of defendant's deception, and that the remaining value was the product of legitimate or non-deceptive conduct, then the hypothetical defendant would still be guilty of the third-degree felony for securing the execution of a document by deception.

Such a result would be mandated if the State, as permitted by this Court of Appeals, did not have to *first* determine and *then* segregate the false amount from the amount that might be deemed legitimate. *See Op.*, at p. 12.

This cannot be the law.

In fact, even the State did not believe this to be the law at the time of trial because the State tried to segregate the value of the property, service or pecuniary interest obtained by deception from the value of the property, service or pecuniary interest that was obtained by legitimate or non-deceptive conduct. [3 RR 71-85]

The State not only had to guess at the length of the actual functional capacity evaluations, but it also had to admit that a portion of each test was legitimate and,

therefore, not all of the payment was secured by alleged deception; rather, at least a portion of each document was based on legitimate entitlement to payment:

> State:     Okay. The first one [reviewing State's Ex. 15, p. 4], it says TMI, two units. Is that giving [WME] credit for doing two units' worth of work –
>
> Muhr: Yes. 30 minutes.
>
>     \* \* \*
>
> State: *And so that's not saying that they didn't do any work with these people*. That's giving them credit for either 30 minutes to an hour.  Is that correct?
>
> Muhr: That is correct.

[3 RR 83-85 (emphasis added)]

There is no question that a portion of each check paid by Texas Mutual Insurance Company to Western Medical Evaluators ("WME") included billing and payment for services that were actually and properly earned by WME.  [3 RR 84 ("And so that's not saying that they didn't do any work with these people."]

As a result, even the State prosecuted this case with the belief that it had to first determine and then segregate the value of the property, service or pecuniary interest that was actually obtained by deception from the value of the property, service or pecuniary interest that was *not* obtained by deception.  *Compare with Op.*, at p. 12.

Although the State acknowledged its burden to segregate the value obtained by deception from the value obtained by legitimate or non-deceptive conduct, the State failed to discharge that burden because its testimony about the value obtained by deception constituted nothing more than mere speculation or factually unsupported inferences or presumptions. *Hooper v. State*, 214 S.W.3 9, 13 (Tex. Crim. App. 2007); *Appellant's Brief*, pp. 11-17.

Because the State failed to fully segregate the properly billed amounts from the amounts that were based on alleged deception or fraud, there was no legally sufficient evidence to establish the jurisdictional limits of this offense, and the State failed to satisfy its burden. *See Sowders v. State*, 693 S.W.2d 448, 450 (Tex. Crim. App. 1985) (when the State alleges an exact value for stolen property, it need not prove the exact value pled, but must only prove a value sufficient to satisfy the jurisdictional requirement of the State's pleading). *See Nitcholas v. State*, 524 S.W.2d 689, 691 (Tex. Crim. App. 1975). *See Lehman*, 792 S.W.2d at 84; *Simmons*, 109 S.W.3d at 472; *Lee*, 29 S.W.3d 75. *See also Appellant's Brief*, pp. 11-17.

This Court should grant Appellant's motion for rehearing or motion for rehearing *en banc* and, on rehearing, reverse the judgment of the Court of Appeals and render a verdict of acquittal in favor of Appellant.

## II.

## Court Erred In Holding That Appellant Waived
## Complaint About Amount Of Restitution.

The Court also erred in holding that Appellant waived any complaint about

the amount of restitution because he did not object to the amount of restitution

ordered by the trial court. *See Op.*, at p. 12.

An appellate court reviews challenges to restitution under an abuse of

discretion standard. One of the due process considerations underlying a review of

restitution requires that the amount must be just and supported by a factual basis

within the record. *Campbell v. State*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999).

In holding that Appellant waived any complaint about restitution by not

objecting to the amount ordered by the trial court, this Court simply cited, without

any analysis, the Texas Court of Criminal Appeals' decision in *Gutierrez-*

*Rodriguez v. State*, 444 S.W.3d 21 (Tex. Crim. App. 2014) (which was issued well

after the trial in Appellant's case). *See Op.*, at p. 12.

The Court of Criminal Appeals did not distinguish between an argument that

restitution is not authorized versus an argument that the evidence is not sufficient

to support the amount of restitution. *Gutierrez-Rodriguez*, 444 S.W.3d at 23-24,

n.20. Rather, the Court based its decision on the assumption that a sentence of

probation, conferred by the judge, "extends clemency to the defendant and creates

a sort of contractual relationship" between the defendant and the trial court. *Id.* Based on this contractual relationship, then, the defendant must object to the imposition of restitution or otherwise accept the terms of the probation "contract." *Id.*

The Court of Criminal Appeals did not specify the method by which a defendant must object to or complain about restitution in order to preserve error. Rather, the Court explained that a defendant should object about restitution to the trial court in order to give the trial court "the opportunity to reconsider the condition of probation or to reconsider the appropriateness of the probation contract without the objected-to condition." *Id.*, at 24 (citation omitted).

In this case, Appellant did "object" that the amount of restitution imposed by the trial court was not supported by a factual basis within the record when he complained in his Motion for New Trial that "there was no legally or factually sufficient evidence that Defendant committed fraud in the amount as alleged in the indictment and as found by the jury." [CR 172] The trial court was, therefore, presented with the opportunity to reconsider the condition or appropriateness of the amount of restitution imposed on Appellant, including whether – as required by due process -- the amount of restitution imposed was just and supported by a factual basis within the record. *Campbell*, 5 S.W.3d at 697.

No talismanic words are needed to preserve error as long as the court can understand what the complaint is from the context. *Clark v. State*, 365 S.W.3d 333, 337 (Tex. 2012). *See also Bedolla v. State*, 442 S.W.3d 313, 316 (Tex. Crim. App. 2014). The Texas Court of Criminal Appeals has stated that strict reliance on particular phrases when making objections at trial are a thing of the past:

> To be sure, there are reported cases which seem to take a more slavish and unforgiving approach, but these have dwindled in importance as they have in frequency. Contemporary examples are now few and far between, and **it is our purpose that they become even less common in the future.**

*Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (emphasis added).

More recently, the Court of Criminal Appeals has stated that "magic words" are not required to preserve error, and a complaint will be preserved if the substance of the complaint is conveyed to the trial judge. *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007).

Appellant clearly objected, in his Motion for New Trial/Arrest of Judgment, that there was no factual support in the record for a finding of fraud in the amount found by the jury, which necessarily included a complaint about the amount of restitution imposed by the trial court. To hold otherwise, would require a slavish and unforgiving approach to preservation of a complaint about restitution. *Lankston v. State*, 827 S.W.2d at 909.

As a result, Appellant properly preserved his objection to the amount of restitution, and this Court of Appeals should, after rehearing, reverse its judgment and reverse the judgment on the grounds that no legally sufficient evidence supports the amount of restitution imposed and either render a judgment that no amount of restitution should be imposed or, in the alternative, remand this issue to the trial court for a new trial on the amount of restitution, if any, to be imposed on Appellant.

## III.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant Howard Douglas, respectfully moves this Third Court of Appeals to grant Appellant's Motion for Rehearing or Motion for Rehearing *En Banc* and, after rehearing, reverse the trial court's judgment against Appellant and enter a verdict of not guilty in his favor or, in the alternative, reverse the imposition of restitution on Appellant and either enter a judgment that no restitution should be imposed or remand this matter to the trial court for a new trial on whether restitution should be imposed and, if so, in what amount.

Respectfully submitted,
/s/ Craig M. Price
Craig M. Price
State Bar No. 16284170
Email: cmp@hammerle.com
HAMMERLE FINLEY LAW FIRM
2871 Lake Vista Dr., Suite 150
Lewisville, Texas 75067
Tel: (972) 436-9300
Fax: (972) 436-9000
Attorney for Appellant

## CERTIFICATE OF SERVICE

This is to certify that on September 10, 2015, a true and correct copy of the above and foregoing document was served on the Travis County District Attorney's Office, Travis County, PO Box 1748, Austin, Texas 78767, by facsimile 512-854-9789.

_____
Craig M. Price

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies, pursuant to Tex. R. App. 9.4(i)(4), that the foregoing Motion for Rehearing, et al., contains a total of 2,534 words.

_____
Craig M. Price