

## NUMBER 13-15-00420-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JIMMY JOHNSON,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

### On appeal from the 347th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Jimmy Johnson challenges his conviction for felony driving while intoxicated ("DWI") by two issues. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b) (West, Westlaw through 2015 R.S.). We affirm.

## I. Background

The State alleged in the indictment that appellant operated a motor vehicle while intoxicated in a public place in Nueces County on February 26, 2015. The State further alleged that appellant had previously been convicted of two offenses "relating to the operating of a motor vehicle while intoxicated." *See id.* § 49.09(b)(2) (providing for the third-degree felony offense of DWI if it is shown during trial that the defendant had been twice convicted of an offense relating to operating a motor vehicle while intoxicated). The indictment also alleged that appellant was a habitual offender because he had previously been convicted of two felonies, and the second conviction occurred after the first became final. *See id.* § 12.42(d) (providing for enhanced punishments for habitual offenders).

The jury returned a verdict of guilty, and the trial proceeded to the punishment phase. The State proffered penitentiary packets for the offenses alleged in the enhancement allegations and put on testimony to link appellant to those convictions. The judge admitted the penitentiary packets into evidence. The jury found both enhancement allegations to be true and assessed a sentence of seventy years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. Discussion

Appellant argues in his first issue that the State violated section 49.09(g) of the penal code by using his 1994 misdemeanor conviction for DWI ("1994 Conviction") in this case as both a predicate offense and an enhancement allegation. *See* TEX. PENAL CODE ANN. § 49.09(g) (West, Westlaw through 2015 R.S.). Appellant argues in his second issue that the length of his sentence violates the constitutional prohibition on cruel and unusual punishment. *See* U.S. CONST. amend. VIII.

## A. Improper Enhancement

Appellant asserts in his first issue that the State violated section 49.09(g) of the Texas Penal Code by using his 1994 misdemeanor conviction as both a predicate offense and as an enhancement allegation. Section 49.09(g) of the Texas Penal Code provides that "[a] conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, Chapter 12, but not under both this section and Subchapter D." TEX. PENAL CODE ANN. § 49.09(g). The 1994 Conviction is not one of the habitual-offender allegations in the indictment in this case, but the indictment does allege appellant's 2008 conviction for felony DWI ("2008 Conviction").[1] Appellant argues that the State is essentially using the 1994 conviction as an enhancement allegation here because the 1994 conviction was a predicate offense for the 2008 Conviction. The State responds that appellant waived error by failing to raise this issue in the trial court. In the alternative, the State argues that the sentence did not violate section 49.09(g).

We agree with the State that appellant did not preserve this issue. To preserve error for appellate review, a party must make a specific and timely complaint to the trial court and either obtain a ruling on it or object to the trial court's failure to rule. TEX. R. APP. P. 33.1(a). Generally, unpreserved error may not be raised for the first time on appeal. *Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 23 (Tex. Crim. App. 2014); *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012). Appellant's argument during the sentencing phase was that the State had not proven that appellant was the defendant named in the penitentiary packets. Appellant never argued or objected that using the

---

[1] The indictment reflects that appellant's 1994 misdemeanor conviction occurred on December 7, 1994 in Cause No. 416230 in the County Court at Law No. 7 of Travis County. The 2008 conviction for felony DWI occurred on August 24, 2001 in Cause No. 01-CCR-1804-A in the County Court at Law No. 1 of Cameron County.

3

2008 Conviction as an enhancement allegation violated section 49.09(g) of the Texas Penal Code. We hold that appellant has forfeited this issue by not raising it in the trial court. *See* TEX. R. APP. P. 33.1(a); *Harris v. State*, 204 S.W.3d 19, 27 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding that a defendant who raised a substantively similar issue on appeal failed to preserve error by not raising it in the trial court); *see also Cody v. State*, No. 05-06-01222-CR, 2007 WL 1064328, at *3 (Tex. App.—Dallas Apr. 11, 2007, pet. ref'd) (mem. op., not designated for publication) (same). We overrule appellant's first issue.

## B. Cruel and Unusual Punishment

By his second issue, appellant argues that his sentence of seventy years' imprisonment violates the constitutional prohibition against cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The State responds that appellant waived this issue by failing to object.

We agree with the State. Both the Texas Court of Criminal Appeals and this Court have held that failure to lodge a specific objection to an allegedly disproportionate sentence waives error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd). Appellant admits that he did not object to the sentence, but argues that he had no opportunity to do so. However, there is no indication in the record that appellant attempted to object, and he did not file a motion for new trial raising this issue. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that a claim of disproportionate punishment that "was not raised at the time it was imposed or in a motion for new trial" was waived). We conclude that appellant waived any error in his sentence by failing to object when he had the opportunity to do so. *See Rhoades*,

4

934 S.W.2d at 120; *Kim*, 283 S.W.3d at 475; *Trevino*, 174 S.W.3d at 927–28.  We overrule appellant's second issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

Nora L. Longoria
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2016.