# NO. 12-16-00234-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RACHEL ELIZABETH MILNER,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rachel Elizabeth Milner appeals her conviction for felony theft. In three issues, she challenges the sufficiency of the evidence to support her conviction, the denial of her motion for directed verdict, and the trial court's restitution order. We affirm.

## BACKGROUND

Appellant was charged by indictment with theft of property from Sears, her employer, valued at more than fifteen hundred dollars but less than twenty thousand dollars, a state jail felony. Appellant waived her right to a jury trial, entered a plea of "not guilty," and the case proceeded to a bench trial.

The State alleged that Appellant stole money, gas, groceries, and car rentals from Malory Cox pursuant to a continuing scheme or course of conduct that began on or about January 31, 2013, and continued until on or about May 8, 2014.[1] At the time of the offense, Appellant was the automotive sales manager at the Sears store in Tyler, Texas.

---

[1] Malory Cox, the individual the State alleged as the owner of the stolen property, is a manager at Sears in charge of loss prevention for the Tyler, Longview, and Paris Sears stores. The penal code defines an "owner" as a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor…" TEX. PENAL CODE ANN. § 1.07(a)(35)(A) (West Supp. 2016). "To eliminate the distinctions between general and special owners, and to give ownership status to anyone with a rational connection to the property, the legislature has given 'owner' an expansive meaning that anyone having a possessory interest in the property through title, possession, whether lawful or not, or a greater right to possession of the

Ian White, another Sears employee, notified Cox that Appellant had been continuously driving numerous Enterprise rental vehicles for several weeks. Cox conducted an internal investigation into the expenditures Appellant made with her two company issued credit cards. Cox compiled documentation of Appellant's expenditures, which Jeff Harris, a corporate investigator, reviewed. Cox interviewed Appellant, who admitted to making most of the charges, but denied that they were unauthorized. Appellant was unable to provide Cox with any receipts to document her claims. After the investigation, Sears determined the charges were unauthorized, terminated Appellant, and filed theft charges. Harris's accounting documented $17,614.28 of illegitimate charges made by Appellant on her two company issued cards for rental vehicles, gasoline, food, and groceries. Cox testified that these charges were unauthorized by Sears and made without its consent. At the close of the State's case, the defense moved for a directed verdict of acquittal, which the trial court denied.

Appellant testified on her own behalf and maintained that the purchases were authorized and made for business purposes. She indicated that the rental vehicles were used by either her or other Sears employees for company business only. She stated that the gas purchases related to travel associated with business. Appellant further indicated that she made the food and grocery purchases to cook meals for customers or Sears employees. She maintained that she had Sears's authority and consent to make these purchases. She further denied being terminated by Sears, and testified that she resigned her position prior to meeting with Cox.

The court found Appellant guilty and sentenced her to imprisonment for two years, but suspended imposition of the sentence and placed Appellant on community supervision for a period of five years. The court ordered Appellant to repay Sears $17,614.28 as a condition of her community supervision. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In Appellant's first issue, she argues that the evidence is insufficient to support her conviction for theft. In her second issue, she argues that the trial court erred in denying her motion for directed verdict.

---

property than the defendant, is an owner of the property." ***Garza v. State***, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011). Thus, the State properly alleged an employee of a single entity as the owner of the property in this case. *See id*.

## Standard of Review and Applicable Law

A challenge to a trial court's ruling on a motion for directed verdict is a challenge to the sufficiency of the evidence to support a conviction, and is reviewed under the same standard. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *see also Rios v. State*, 982 S.W.2d 558, 560 (Tex. App.—San Antonio 1998, pet ref'd).   The appellate standard for reviewing the sufficiency of the evidence is based on a hypothetical rational fact finder; thus, in bench trials and jury trials, we view the evidence in the light most favorable to the verdict in order to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt.  *Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015).  A conviction must be rationally based on the evidence whether a judge or jury sits as the fact finder in the case.  *See Id.*  In bench trials and jury trials, an appellate court must apply the *Jackson v. Virginia* standard to determine if the evidence is sufficient to sustain the conviction. *See id.* at 173; *see also Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010).  This standard requires the reviewing court to determine whether, considering all the evidence in the light most favorable to the verdict, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *see also Brooks*, 323 S.W.3d at 899.

In order to consider the evidence in the light most favorable to the verdict, we must defer to the fact finder's credibility and weight determinations, because the fact finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony.  *See Brooks*, 323 S.W.3d at 899; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.  This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Adames v. State,* 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).  The fact finder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties.  *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).   When conflicting evidence is presented, we must resolve those conflicts in favor of the verdict and defer to the fact finder's resolution.  *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.  *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). We may not substitute our own judgment for that of the fact finder.  *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789; *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014); *King v. State*,

3

29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can be alone sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits an offense if she unlawfully appropriates property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2016). Appropriation of property is unlawful if committed without the owner's effective consent. *Id*. § 31.03(b)(1) (West Supp. 2016).

**Analysis**

Appellant contends that the evidence is insufficient to sustain her conviction. To support her contention, Appellant argues that the State failed to call Harris, the corporate investigator who determined that the charges Appellant made on the credit cards constituted theft. Appellant further argues that Cox lacked knowledge regarding the "business practices" of the Sears automotive department. Additionally, Appellant cites the delay in Sears's investigation, noting that the Tyler store manager received her credit card statements and reported no impropriety. Finally, Appellant argues that the evidence did not establish that she acted with the intent to deprive Sears of property, but merely showed she made routine business purchases.

A review of the evidence shows that Cox testified that Appellant was not authorized to make the purchases that were the subject of the indictment. Cox indicated that Sears gave Appellant two credit cards in the course of her employment. One card, ending in 8096, was to be used only for purchasing automotive parts needed to repair customer vehicles. The other card, ending in 0193, was to be used sparingly for supplies only, such as printer paper. According to Cox, all other business related expenses were to be submitted for reimbursement, not charged to either credit card. Cox indicated that she interviewed Appellant, who insisted the expenditures were all business related, but admitted sometimes using her card to buy gas. Appellant further admitted to Cox that she might sometimes loan her card to other people. Cox testified that, when given the opportunity, Appellant failed to provide any receipts to document her claims. Cox also produced a chart, which was admitted into evidence without objection, compiled by Harris. This chart identified the $17,614.28 worth of charges to Appellant's cards, at Enterprise rental, gas stations, restaurants, and grocery stores, that Harris considered theft.

White testified that he noticed Appellant driving Enterprise rental vehicles, which were filled with personal belongings, for long periods of time. He recalled seeing Appellant driving

4

three different Nissan vehicles, one that was dark blue, one that was beige, and one that was either brown or possibly silver if dirty. He contacted Cox and reported this activity. Rental receipts showed that Appellant rented a silver Nissan Altima on June 21, 2013, which was returned on August 6, 2013, and a black Nissan Altima on August 6, 2013, which was returned on September 16, 2013. White, however, indicated that normal employee use of a rental vehicle does not exceed a day or two.

The trial court, as sole judge of the credibility of the witnesses, was free to disbelieve Appellant's testimony that her purchases were authorized, and believe Cox's contrary testimony. *See Chambers,* 805 S.W.2d at 461; *see also Wise,* 364 S.W.3d at 903. With regard to Appellant's intent, the trial court was free to draw reasonable inferences from the evidence presented. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Adames,* 353 S.W.3d at 860; *Christenson v. Texas*, 240 S.W.3d 25, 32 (Tex. App.—Houston [1st Dist.] 2007, pet ref'd). In doing so, the trial court could reasonably conclude that Appellant would have obtained a personal benefit from having a subsidized rental vehicle to drive to and from work, free meals, and free gasoline. *See Christenson*, 240 S.W.3d at 32 (in determining whether the defendant had criminal intent to commit theft, we may consider whether the defendant experienced personal gain from property obtained from the complainants).

Viewing the evidence in light most favorable to the verdict, and deferring to the trial court's determinations regarding witness credibility, we conclude that a rational fact finder could have found, beyond a reasonable doubt, that Appellant unlawfully appropriated property without Cox's effective consent and with intent to deprive Cox of the property. *See* TEX. PENAL CODE ANN. § 31.03(a), (b)(1); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899. Because the evidence is sufficient to support Appellant's conviction for theft, we overrule Appellant's issues one and two.

## RESTITUTION

In Appellant's third issue, she argues that the evidence is insufficient to support the trial court's order of restitution in the amount of $17,614.28 to Sears.

### Standard of Review

Texas law authorizes a sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a)

5

(West Supp. 2016). Due process requires a factual basis in the record for the amount of restitution ordered. ***Martin v. State***, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994); *see also* ***Cartwright v. State***, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). Further, restitution is required to be "just," that is, supported by sufficient factual evidence in the record that the expense was incurred. ***Thompson v. State***, 557 S.W.2d 521, 525-26 (Tex. Crim. App. 1977).

Challenges to the sufficiency of the evidence supporting a restitution order can be raised for the first time on appeal. ***Idowu v. State***, 73 S.W.3d 918, 921-922 (Tex. Crim. App. 2002). Challenges to the appropriateness of restitution, however, must be objected to in the trial court. ***Id.*** Moreover, imposition of a sentence is different from the granting of community supervision, and concepts of error preservation that apply in non-community supervision cases do not necessarily carry over to community supervision cases. ***Gutierrez-Rodriguez v. State***, 444 S.W.3d 21, 23 (Tex. Crim. App. 2014). This is because community supervision involves a type of contractual relationship that does not exist in non-community supervision cases. ***Id.*** Conditions of probation that are not objected to are affirmatively accepted as terms of the contract, unless the condition is one that the criminal justice system finds to be intolerable and, therefore, is not a contractual option to the parties. ***Id.***

**Analysis**

In this case, the State argues that Appellant failed to preserve her challenge to the trial court's restitution order because she received community supervision and lodged no objection in the trial court to the restitution order. We agree.

During her sentencing hearing, the court announced that it would be ordering restitution in the amount of $17,614.28 to Sears as a condition of Appellant's community supervision. Appellant did not object to this condition. We conclude, therefore, that Appellant has not preserved error to now complain about the trial court's restitution order on appeal.[2] *See **id.*** (in a community supervision case, the court was not required to determine whether appellant's complaint related to the appropriateness of restitution or to its factual basis because, by failing to

---

[2] Even had Appellant preserved error, the record contains a factual basis for the trial court's restitution order. *See **Martin***, 874 S.W.3d at 676; *see also **Cartwright***, 605 S.W.2d at 289. Appellant argues that the only evidence was a letter in the pre-sentence investigation report. However, the evidence offered during trial supported the restitution order, as Cox testified that $17,614.28 worth of unauthorized charges were made by Appellant on the two credit cards. *See **Martin***, 874 S.W.3d at 676; *see also **Cartwright***, 605 S.W.2d at 289.

6

object to the restitution, appellant affirmatively accepted the terms of the contract.)  Appellant's third issue is overruled.

**DISPOSITION**

Having overruled Appellant's issues one, two, and three, we ***affirm*** the judgment of the trial court.

**GREG NEELEY**
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2017**

**NO. 12-16-00234-CR**

**RACHEL ELIZABETH MILNER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1530-14)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*