

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00263-CR

_____

MICHAEL CHRISTOPHER VELASQUEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 57,954-A

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Michael Christopher Velasquez pleaded guilty to evading arrest or detention with a vehicle in exchange for five years' deferred adjudication community supervision and a $1,500 fine. The fine was also listed in the trial court's order imposing conditions of community supervision that both Velasquez and his attorney signed. Around a year and a half later, the trial court revoked Velasquez's community supervision and adjudicated his guilt of the evading-arrest offense.[1] The trial court included the $1,500 fine in the judgment of conviction and in new paperwork placing Velasquez back on community supervision. In a single point, Velasquez now complains that the trial court erred by including the fine in the written judgment, contending that it was not orally pronounced in open court. We affirm.

The record reflects that at the hearing on the State's motion to proceed to adjudication, the trial court revoked Velasquez's deferred adjudication community supervision and adjudicated his guilt of the evading arrest offense, then sentenced him to 10 years' confinement, suspended the sentence, and placed him on community supervision for 10 years, including 200 hours of community service and "[a]ll other standard terms and conditions of a probation" in Wichita County, in addition to requiring him to complete the Substance Abuse Felony Program (SAFP). The trial

---

[1]In its motion to proceed with adjudication of guilt, the State alleged that Velasquez had violated several conditions of his community supervision. Velasquez pleaded true to all but one of the State's allegations, and the trial court found all of the allegations true.

judge warned Velasquez that he would go to prison if he violated a single term of community supervision, and Velasquez stated, "I understand, Your Honor."

The trial judge then asked the prosecutor if he had any questions or additional comments, and the prosecutor asked a question about "monetary arrearages":

> THE COURT: [Prosecutor], are there any questions or additional comments?
>
> [Prosecutor]: Judge, just for clarification, *as far as the monetary arrearages, do you want those rolled into this new probation*?
>
> THE COURT: *They're confirmed and they are rolled in.* [Emphases added.]

The prosecutor informed the trial court that it might take a little time to draft the additional community-supervision conditions.

When the proceedings resumed the next day, the trial court announced, "Mr. Velasquez, at the conclusion of yesterday's hearing I announced a sentence, but I'm going to announce it again today in open court *in conjunction with the paperwork that's been entered.*" [Emphasis added.] The trial court then orally pronounced Velasquez's sentence:

> Having found that the allegation is true that you violated the terms of your deferred adjudication community supervision, your deferred probation is revoked. You're hereby convicted of the offense of evading arrest with a motor vehicle and that felony conviction is entered.
>
> The new sentence will be that you are placed in -- sentenced to ten years in the Texas Department of Criminal Justice Institutional Division. That will be probated for a period of ten years.

*In addition to all previous terms and conditions that were ordered*, the following conditions will also be added to that ten years' probation:

First you'll be ordered to conduct [an SAFP] treatment and you'll be required to wait on a bed in jail, in the Wichita County Jail, until that bed is available.

You're being ordered to complete an additional 200 hours of community service while on probation at the rate of at least ten hours per month.

Report two times per month for the first 24 months after you're released from SAFP.

Conduct a UA no less than one time a month for the first 24 months after you're released from SAFP.

Additionally, you're ordered to submit to 20 weekends in jail after you're released from SAFP and returned to Wichita County starting each Friday at 6:00 p.m. to the following Sunday at 6:00 p.m. until those 20 days -- 20 weekends are completed. [Emphasis added.]

In the May 10, 2019 written judgment, the trial court listed "fine arrearages" of $1,500; the $1,500 fine was also included in the new order imposing conditions of community supervision signed by Velasquez and his counsel on the same day as the oral pronouncement. Velasquez does not raise any complaint in this appeal about the fine's inclusion in the terms of his community supervision. The State claims that the trial court sufficiently orally pronounced the fine by discussing the "arrearages."[2]

---

[2]The State also argues that we should apply case law in which fines not orally pronounced during sentencing have been upheld by harmonizing the oral pronouncement, jury verdict, and written judgment. *See, e.g., Ette v. State*, 559 S.W.3d 511, 513 (Tex. Crim. App. 2018) (holding that judicially created rule giving precedence to oral pronouncement over written judgment "cannot supplant a jury's lawful verdict

4

A trial court's sentencing pronouncement is oral, while the judgment is merely the written declaration and embodiment of that oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). If there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. *Id.*; *see Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). When deferred adjudication community supervision is revoked and guilt adjudicated, the order adjudicating guilt sets aside the deferred adjudication order, including any previously imposed fine. *Taylor*, 131 S.W.3d at 502. Fines generally must be orally pronounced in the defendant's presence because they are punitive. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a)). "[D]ue process requires that the defendant be given fair notice of all of the terms of his sentence, so that he may object and offer a defense to any terms he believes are inappropriate." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014).

As reflected above, Velasquez was on notice of the re-imposition of the $1,500 fine during the sentence's oral pronouncement. The trial court's response to the prosecutor's question about "monetary arrearages"—that "[t]hey're confirmed and they are rolled in"—was Velasquez's first indication that the fine would be incorporated into the trial court's judgment. Any ambiguity was subsequently resolved the following day, when the trial court orally pronounced sentence,

on punishment that has been correctly read aloud in a defendant's presence in court"). But this case does not involve a jury verdict.

5

referencing "all previous terms and conditions," which both Velasquez and his attorney had signed the first time Velasquez received community supervision. And Velasquez and his counsel signed the new terms and conditions of his community supervision on the same day as the trial court's judgment and raised no objection to the $1,500 fine contained therein. *See Speth v. State*, 6 S.W.3d 530, 534 & n.9 (Tex. Crim. App. 1999) (stating that a defendant who benefits from the contractual privilege of community supervision must complain at trial to conditions he finds objectionable if he knows what the conditions are in time to object); *see also Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 24 (Tex. Crim. App. 2014) (holding that appellant forfeited her complaint to a restitution requirement when the record reflected that it was discussed during the punishment hearing and that she had an opportunity to object to it but did not). Accordingly, we overrule Velasquez's sole point and affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 23, 2020