# NO. 12-15-00268-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NEIL WADE HUNTER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Neil Wade Hunter, appeals his conviction for assault-family violence. In four issues, Appellant maintains the trial court erred in assessing, as costs, an attorney's fee for his court appointed attorney, and in ordering the payment of restitution to entities not entitled to receive it. We affirm.

### BACKGROUND

Appellant pleaded guilty on May 12, 2015, to the offense of assault causing bodily injury to a member of his family and household. Pursuant to a plea agreement, the State recommended that Appellant be placed on deferred adjudication community supervision for two years and required to pay "RESTITUTION in the amount of TBD." The trial court accepted the State's recommendation. As a condition of his community supervision, Appellant was required to pay $13,768.31 as restitution to ETMC-EMS and East Texas Medical Center. This represented the balance due for the victim's emergency care and hospitalization for treatment of her injuries from Appellant's assault. Appellant did not object to this condition when the trial court placed him on community supervision. Two months later, the State moved to proceed to final adjudication. Appellant entered pleas of true to eleven alleged violations of his conditions of

community supervision. The trial court found Appellant guilty and sentenced him to imprisonment for five years.

**COURT APPOINTED ATTORNEY'S FEE**

In his first issue, Appellant argues that the trial court erred in assessing attorney's fees against him in its order placing him on deferred adjudication community supervision. He maintains that he was determined to be indigent when the State initiated this prosecution, and he has remained indigent throughout the proceedings against him. Therefore, Appellant contends the trial court erred in ordering him to pay, as costs, a $300 fee for his court appointed attorney.

**Applicable Law**

A trial court has the authority to assess attorney's fees against a criminal defendant who received court appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2015). However, once a defendant is determined to be indigent, he is presumed to remain indigent throughout the remainder of the proceedings unless a material change in his financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2015). Before any subsequent imposition of attorney's fees, the trial court must determine that the defendant has financial resources which enable him to offset, in whole or in part, the cost of the legal services provided, and that determination must be supported by a factual basis in the record. *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.).

If the record does not show that the defendant's financial circumstances materially changed after the previous determination that he was indigent, the evidence will be insufficient to support the imposition of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010). An appellant's complaint about the sufficiency of the evidence of his financial resources and ability to pay is not waived by his failure to raise the complaint in the trial court. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

**Discussion**

Based on Appellant's Pauper's Oath Application, the trial court found Appellant was unable to employ counsel and designated court appointed counsel to represent him. Appellant asserts, and the State agrees, that Appellant was represented by court appointed counsel at every stage of the prosecution.

In the May 13, 2015 order of deferred adjudication, the trial court assessed $589 as court costs. A bill of costs was prepared approximately six months later and shows $614 in costs, including $300 for Appellant's court appointed attorney's fee. In the Judgment Adjudicating Guilt, the trial court assessed $289 as costs. The Order to Withdraw Funds authorizes withdrawal of $14,057.31–the sum of costs ($289) and restitution ($13,768.31).

Appellant requests that the original deferred adjudication order be modified to assess $289 in court costs. When an accused receives deferred adjudication, however, the judgment adjudicating guilt sets aside the order deferring adjudication. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Because the order deferring adjudication is no longer in effect, we decline to modify it as Appellant requests.

Attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). But there is no evidence that Appellant's financial circumstances materially changed after he was declared indigent. Therefore, the evidence is insufficient to support the assessment of the attorney's fee. The State concedes that the attorney's fee should not have been assessed and that the Bill of Costs should be modified to delete it. We agree. Appellant's first issue is sustained.


### RESTITUTION

In his second and third issues, Appellant contends the trial court abused its discretion in ordering restitution to ETMC-EMS and East Texas Medical Center, entities not entitled to restitution. In his fourth issue, he argues the order for restitution is not supported by a factual basis in the record.

### Standard of Review and Applicable Law

Challenges to restitution orders are reviewed under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.–Waco 2004, no pet.).

"In addition to any fine authorized by law, the court that sentences a defendant convicted of an offense may order the defendant to make restitution to any victim of the offense or to the compensation to victims of crime fund . . . to the extent that fund has paid compensation to or on behalf of the victim." TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2015). The code

3

of criminal procedure also provides that "[t]he judge may impose any reasonable condition [of community supervision] that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 11(a) (West Supp. 2015).

Due process imposes three limitations on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible, and (3) the restitution ordered must be only for the victim or victims of the offense with which the offender is charged. *Drilling*, 134 S.W.3d at 470; *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.– Texarkana 2002, pet. ref'd).

In *Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999), the court held the extension of probation to a defendant conditioned upon the defendant's acceptance of probationary terms creates a contractual relationship. *Id*. at 534. Conditions not objected to are affirmatively accepted as terms of the contract. *Id*. A trial objection allows the trial court the opportunity to consider the risk of abusing its discretion by imposing the condition over objection or reconsider the desirability of the contract without the challenged condition. *Id*. at 534-35. Therefore, a defendant who enters into the contractual relationship without objection "waives any rights encroached upon by the terms of the contract." *Id*. at 534.[1]

The evidence at trial in *Gutierrez-Rodriguez v. State* proved only that the defendant pawned, knowing they were stolen, a GPS device burglarized from one person's pickup and an iPod taken in a burglary of another person's pickup. She was not charged in either burglary and both items were returned to their owners in working order. *Gutierrez-Rodriguez v. State*, 405 S.W.3d 936, 943 (Tex. App.—Amarillo 2013), *rev'd*, 444 S.W.3d 21 (Tex. Crim. App. 2014).

The trial court suspended the imposition of sentence and placed Gutierrez-Rodriguez on community supervision for one year. One of the conditions of her community supervision required that she pay the property owners, as restitution, the value of other items taken in the burglaries for which she was neither charged nor convicted. On appeal, she contended that the trial court abused its discretion by ordering restitution based upon offenses for which she had not been found criminally responsible and for which there was no factual basis in the record. The

---

[1] A defendant may challenge an unobjected-to condition of community supervision if he did not know about the condition in time to object or had no opportunity to object. *Speth*, 6 S.W.3d at 534 n.9.

Amarillo court of appeals agreed and modified the judgment in each case to delete the restitution requirement. *Id*.

The State filed a petition for discretionary review, arguing that Appellant had forfeited her claim by failing to object at trial. *Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 23 (Tex. Crim. App. 2014). The court of criminal appeals reiterated its *Speth* analysis that the extension of probation to the defendant creates a contractual relationship. "Conditions of probation that are not objected to are affirmatively accepted as terms of the contract, unless the condition is one that the criminal justice system finds to be intolerable and is therefore not a contractual option available to the parties." *Id*. (quoting *Gutierrez v. State*, 380 S.W.3d 167, 175-76 (Tex. Crim. App. 2012); *Speth*, 6 S.W.2d at 534). The court held that Gutierrez-Rodriguez "bound herself to the terms of the probation contract by accepting the benefits of the contract without objection." *Id*. at 24. Therefore, she forfeited her claim regarding the restitution requirement. *Id*.

## Discussion

There is no question that the medical expenses for emergency transport and three days of hospitalization were incurred by the victim as a direct result of Appellant's assault. The record shows that Appellant knew and understood the terms of the plea agreement including "payment of RESTITUTION in the amount of TBD." The amount of restitution was determined at sentencing. Both Appellant's counsel and the trial court observed at that time that three scans accounted for most of the medical expenses. Appellant raised no objection to the amount of restitution or the terms of payment. Appellant did not object to the payment of restitution to ETMC-EMS or East Texas Medical Center for the amount of the victim's outstanding balances.

Appellant accepted the terms of the plea agreement. The trial court deferred an adjudication of guilt and placed Appellant on community supervision in conformity with that agreement. "A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable. *Speth*, 6 S.W.3d at 534.

A term of community supervision requiring payment to a hospital for a victim's unpaid medical expenses caused by a defendant's offense does not encroach upon a systemic right or prohibition. It is not a condition the criminal justice system would find intolerable. *See Gutierrez*, 444 S.W.3d at 23. Appellant bound himself to the terms of the community

5

supervision contract by accepting the benefits of the contract without objection and forfeited his complaint regarding restitution.  Appellant's second, third, and fourth issues are overruled.

## DISPOSITION

Having sustained Appellant's first issue, we *modify* the bill of costs to delete the $300 fee for Appellant's court appointed attorney.  We *affirm* the judgment of the trial court.

**BILL BASS**
Justice

Opinion delivered April 20, 2016.
*Panel consisted of Hoyle, J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 20, 2016**

**NO. 12-15-00268-CR**

**NEIL WADE HUNTER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0089-15)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the Bill of Costs should be modified and that the trial court's judgment below should be **affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the Bill of Costs be, and hereby is, **modified** to delete the $300 cost imposed as a fee for Appellant's court appointed attorney and to show total costs, as modified, of $314 rather than $614; that the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Bill Bass, Justice.
*Panel consisted of Hoyle, J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*